# EXHIBIT P

**Page 1**

```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                  SOUTHERN DIVISION

ROCK SPRING PLAZA II, LLC,      )
                                )
          Plaintiff,            )
                                )
     vs.                        )  CIVIL NO.:
                                )  8:20-cv-01502-PJM
INVESTORS WARRANTY OF           )
AMERICA, LLC, et al.,           )
                                )
          Defendants.           )
_____)

                                   Greenbelt, Maryland
                                   January 26, 2023
                                   3:00 p.m.

               TRANSCRIPT OF PROCEEDINGS
                    STATUS HEARING
            BEFORE THE HONORABLE PETER J. MESSITE
                    Via Teleconference


For the Plaintiff:

     William M. Bosch, Esquire
     Katherine T. Danial, Esquire
        Pillsbury Winthrop Shaw Pittman
        1200 Seventeenth Street, NW
        Washington, DC 20036


For Defendant Investors Warranty of America:

     Rebecca A. Davis, Esquire
        Seyfarth Shaw LLP
        1075 Peachtree St NE, Ste 2500
        Atlanta, GA 30309
```

**Page 2**

```
              APPEARANCES (Continued)

For Defendant Rock Springs Drive, LLC:

     Sara Kropf, Esquire
        Kropf Moseley PLLC
        1100 H Street NW
        Suite 1220
        Washington, DC 20005

ALSO PRESENT: Troy Taylor, Paul Rubin


      Proceedings recorded by audio recording
 Transcript produced by computer-aided transcription
```

**Page 3**

PROCEEDINGS

(3:02 p.m.)

THE CLERK: The matter now pending before the Court is Civil Case No. PJM-20-1502, Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC, et al. We're here for the purpose of a telephone conference.

Counsel, please identify yourselves for the record.

THE COURT: Plaintiff?

MR. BOSCH: Good afternoon, Your Honor. Bill Bosch and Katherine Danial on behalf of the plaintiff.

THE COURT: All right. For Defendant Investors Warranty?

MS. DAVIS: Good afternoon, Your Honor. Rebecca Davis with Seyfarth Shaw for Investors Warranty of America.

THE COURT: All right. For RSD?

MS. KROPF: Good afternoon, Your Honor. Sara Kropf for Rock Springs Drive. And I'm with Troy Taylor and Paul Rubin from the company.

THE COURT: Which -- okay. All right, folks, the case is getting a little out of hand. In fact, it seems to have been that way for a while. I just need to take control of this case and push it along. There's too much out there; you guys are having too much fun arguing in this case in one terrain or another out there on Rock Springs Drive.

Here's what I propose to do because there's been a

**Page 4**

lot of motions involving discovery that are still pending, including a motion to dismiss Count 1 of the Second Amended Complaint which is the wrongful assignment. As I understand the position of the parties, you probably feel all around that unless some discovery determinations are made, that the case can't go forward in many respects. Is that a fair statement?

Do you want to respond to that for plaintiff first, Mr. Bosch?

MR. BOSCH: Your Honor, I agree that there may be some depositions that would not be able to go forward until the Court resolves some of the discovery issues, but I don't believe that the main depositions need to be postponed. I think the defense -- defendants have a stronger position on that, stronger argument.

THE COURT: Ms. Davis, what's your thought for IWA?

MS. DAVIS: From the perspective of IWA, we are fine with proceeding with the deposition of the corporate witness which I think is kind of one of the primary issues. But our concern is that there are outstanding motions that may cause the deponent to be deposed twice, and we don't find that to be efficient, given that I would imagine the Court's rulings are imminent.

THE COURT: Ms. Kropf for RSD, what's your view?

MS. KROPF: Your Honor, Rock Springs Drive, our corporate depositions are scheduled for the end of February. I

Page 5

1  think our primary concern is there are some third party
2  depositions that we're trying to work out with counsel for some
3  of these real estate brokers that are just taking a little
4  time. So it would be helpful to have some extra time to get
5  some of these other depositions worked out. Then there are, of
6  course, a few motions related to attorney-client privilege that
7  are crucial because the plaintiff has asked to depose our
8  counsel.
9      THE COURT: Very well. Now as I understand it,
10 plaintiff's position is that plaintiff has received sufficient
11 information from the defendant -- defendants, that will then
12 permit the plaintiff to take the position that their
13 performance under the contract would be materially adversely
14 affected. Is that a correct statement, Mr. Bosch?
15     MR. BOSCH: That is a correct statement. As I said,
16 Your Honor, the last time we were all together, our plan is to
17 move for summary judgment on Count 1. All I want to do is I
18 want to take the deposition -- the first depositions noticed in
19 this case we noticed of IWA for a 30(b)(6) deposition and RSD
20 for a 30(b)(6) deposition, and those are the depositions I
21 would like to take; and then to the extent that they also are
22 going to rely on their experts, we'd like to take their
23 deposition of their two experts. If that's their intention to
24 oppose summary judgment by reference to the experts, we'd want
25 to take their depositions too.

Page 6

1      We've noticed them all up, and they should all be
2  resolved. I don't have dates from the defendants for when
3  they'll make their experts available, but if we get all those
4  depositions done by the existing discovery cutoff which is
5  February 24, our plan then would be to move for summary
6  judgment on Count 1. As I said before, we believe that if this
7  Court enters relief for plaintiff on Count 1, we may never need
8  to reach the fraud issues.
9      Certainly the defendants have indicated they plan to
10 take this Court's rulings, adverse rulings up on appeal. So
11 what we need to do is we need to make sure that we preserve the
12 right to pursue the fraud claim at trial in the event that we
13 were to get an adverse decision on appeal. We don't want to
14 waive the fraud issues, but the relief we're seeking is largely
15 encompassed in Count 1 and that would be the approach that we'd
16 want.
17     We'd want to take those depositions and those
18 depositions, by the way, the reason for the protective order
19 that the defendants are seeking here, as I understand it, is
20 they do not want their corporate representatives deposed on the
21 fraud issues, loosely stated. The fraud issues, of course,
22 overlap with Count 1. The question as to whether this whole
23 exit strategy and -- whether RSD has the independent capability
24 of fulfilling the tenant's obligations under the ground rights
25 is wrapped up with, for example, the breach of the implied

Page 7

1  duties of good faith that are addressed in Count 1 are wrapped
2  up with the question whether RSD has the ability to fulfill the
3  tenant's obligations --
4      THE COURT: Okay, I don't need to hear any more from
5  you on that. I just need procedurally to see where we are, who
6  wants to further discovery. I do want to invite counsel for
7  the defendants to respond at least very briefly to what you
8  just said.
9      MS. KROPF: This is Sara Kropf for Rock Springs
10 Drive. I think what Mr. Bosch just said is true which is that
11 the discovery that both sides are seeking goes to both of the
12 counts. It goes both to Count 1, the contract-based count
13 which Your Honor still needs to rule on the motion to dismiss,
14 and then it also goes to the fraud count. And it seems
15 inefficient for us to try to take discovery on just one of
16 them. Whether or not the plaintiff wants to move for summary
17 judgment on one of them, you know, remains to be seen. But
18 it's inefficient to try to parse those two things out because
19 as Mr. Bosch just said, they're completely wrapped up with each
20 other.
21     So we think the efficient course is to have
22 discovery, have it on both counts so that we don't create a
23 procedural nightmare at the end with only one count having
24 discovery and perhaps going up on appeal, perhaps getting
25 reversed and coming back, and then us having to try to figure

Page 8

1  out what discovery was taken on that count and remains to be
2  taken on the other counts. That I think if Your Honor will
3  give us an extension of time, we can get both done, have a
4  complete record, and then be able to come to the Court
5  appropriately with perhaps cross-motions for summary judgment,
6  and let Your Honor decide those motions with the benefit of the
7  parties having full discovery. That includes the resolution of
8  the motions to compel.
9      But that way we're not coming back seriatim, one
10 count at a time and creating, I think, perhaps a procedural
11 challenge on appeal.
12     THE COURT: Ms. Davis, do you want to be heard?
13     MS. DAVIS: Yes, Your Honor. Just to say that I
14 agree completely with Ms. Kropf and her explanation on the
15 facts and procedural issues.
16     THE COURT: Okay. Let me give you my reading on what
17 I think we can do to move this case along with all the sort of
18 highways and byways that you're talking about, that this may be
19 a more direct way to do it.
20     First of all, I propose and I propose it take place
21 during the week of February 13, a full day in court before me,
22 and I will decide all the outstanding discovery motions, bang,
23 bang, bang. Not going to send you to a magistrate judge and
24 lose time there. You'll argue, I'll decide; you'll argue, I'll
25 decide. And that will be that in terms of -- and that may go

1/26/2023 Telephone Conference

### Page 9

1  to issues of scope and depositions and so on. We'll do that
2  the week of February 15.
3      Is that a Monday or Tuesday, do you know?
4      THE CLERK: A Wednesday, Thursday.
5      THE COURT: So it would be the 13th and 14th? 15
6  through 16th? All day, or all morning and, if need be, in the
7  afternoon. As I say, we're going to go through every one, and
8  they're all going to be decided then and there. No further
9  delay.
10      We'll give you some time to brief if you need to any
11  more of those points. But I think I've got your motions to
12  compel and objections and blah, blah, blah. I can decide that
13  supplemented by oral argument. But there will be no further
14  delays beyond that.
15      Then I propose the following, that once -- that will
16  inform what your discovery will be once I make those rulings,
17  so then you'll go forward with your discovery, and we can
18  expand a reasonable period of time for you to complete your
19  discovery beyond whatever date we set now. Say 60 days, is
20  that what we talked about? 60 days from mid-February to finish
21  all of your discovery, all of it, on all counts.
22      Then my proposal is that we have summary judgment
23  motions, which I'll address in detail in terms of procedure in
24  a moment, that simply go over the issue of whether or not there
25  is, as a matter of law, sufficient data for the plaintiff to

### Page 10

1  say that defendant -- that the assignment will materially
2  adverse performance under their contract, and for defendant to
3  say we've given sufficient data to show that we can materially
4  perform.
5      Now I think belaboring more is with the defendants to
6  say we've given -- I think their position is -- more than
7  enough data, more than enough information. And plaintiff is
8  not really saying that you haven't. They're saying that we
9  disagree with the interpretation of the data. But if
10  defendants then move for summary judgment, plaintiff opposes,
11  defendant replies, the Court then can decide that issue on
12  summary judgment. Here's the key. Rather than get into
13  whether there's a cause of action for wrongful assignment,
14  that's all subsumed in the summary judgment motions that I just
15  talked about. Either RSD can't materially -- will materially
16  affect performance or they won't. And whether is IWA in the
17  case or is it not. Then whatever you call this cause of action
18  seems to me to be basically academic because it's basically the
19  argument you've given enough information, and the assignment
20  can go forward.
21      Now you have to hold out this possibility for me, as
22  I've been reading this case -- and it's a matter of major
23  concern from my standpoint. Stepping back from it, the
24  significant issue in this case has been the issue of how much
25  information, if any, is an assignee who has the right of

### Page 11

1  assignment on your contract, how much information is that
2  assignee obliged to give to the remaining party to determine
3  whether under restatement of contract's second Rule 317, there
4  will be a materially adverse effect on performance. That's the
5  interesting issue in this case.
6      Second issue, not really less important, is the
7  extent to which the assignor remains on the hook for
8  performance. That it seems to be something that, at least
9  either or both sides, take the position that somehow the
10  assignment exonerates IWA. That's not necessarily the case. I
11  have to answer that. My impression first time around is it
12  probably does not, but I need to address that.
13      So it seems to me -- and then there's sort of a third
14  procedural view of this case. It is entirely possible that the
15  assignment should be validated because there's sufficient
16  information given. And to the extent that there are
17  allegations of fraud or mismanagement or something else that
18  proceeds or even is contemporaneous with the existence of RSD,
19  that's a separate case. Separate transaction. There may be
20  some vague relationships involved here, but those are issues I
21  can look at, could look at once I decide on summary judgment
22  whether or not the assignment appears to be valid.
23      Here's the concern further for the Court. Plaintiff
24  has alleged all sorts of impropriety in the form of various
25  causes of action in the assignment such as to block the

### Page 12

1  assignment. I'm not sure that's a correct statement of law.
2  There may be causes of action to be brought against RSD and IWA
3  that are independent of whether or not the assignment goes
4  forward. And I need to weigh that in connection with my motion
5  for summary judgment. Right now, you know, I need to take note
6  of the fact that assignments are supposed to be freely given,
7  and I've already notched a significant exception to that to say
8  well, not necessarily. Regardless of the language in the
9  contract, it's important that there be at least some basic
10  information given. If it's been given, that may be enough. Or
11  even the things plaintiff say should impede the assignment
12  aren't really matters that impede the assignment, they may go
13  to a fraud charge or may go to some other count.
14      So that's the way I see this being done. So when you
15  get to that, this whole issue of whether there's cause of
16  action called wrongful assignment, I'm not sure there really
17  is. It really is just whether, in fact, there's compliance
18  with § 317 and 318 for that matter...
19      So that's the way I see this going down.
20  Otherwise -- and I'm not sure frankly, Ms. Kropf, whether you
21  think one cause of action could go up to the Fourth Circuit and
22  another cause of action couldn't. As long as there's anything
23  pending in the case, nothing is going up. I'm not going to
24  certify a question and the Fourth Circuit almost certainly
25  would never take it; they just don't in these cases.

13

1  So you put the whole thing together and see where we
2  come out. There is a fair chance -- I'm not committing myself
3  finally to this decision -- that I would decide yes, adequate
4  information has been given; no, it does not materially
5  adversely affect performance as far as the plaintiff is
6  concerned; and, third, if there are other fish to fry regarding
7  the relationship among and between the parties, that that would
8  be handled as a separate phase of the case. Now that, to me,
9  sort of looks like the scope of things in the future without
10 final commitment. Because I certainly do want to give the
11 parties an opportunity -- again, to come back to my main
12 concern, I truly am concerned when I deal with the fact that
13 assignments should be freely recognized, that somehow
14 transforming transaction assignment into an allegation of fraud
15 or something else and thereby extending or impeding the
16 assignment, that's troublesome to me.
17     I need to think that through. I need to work that
18 through. Because I certainly want to keep free assignments to
19 the extent I'm assured that exception -- adequate assurance in
20 play. So anyway that's something I have to deal with.
21     So right now, to summarize where I am, I am prepared
22 to decide right away in a manner of a few weeks all the
23 outstanding discovery motions. We don't need to put a
24 magistrate judge in between; we're just going to get you going
25 on this. I'll give you approximately 60 days to wind up all

14

1  your discovery and then go forward to summary judgment phase
2  where defendant would, first -- defendants suggest that they
3  provided adequate information, maybe more than they feel they
4  had to, plaintiffs say you haven't, there's a reply; I decide
5  that basically as a result of summary judgment. And we see
6  what is left thereafter. That's where I am right now, so that
7  you get some sense of the future.
8      Now I put that out there, happy to hear your
9  responses at this point, but the one response I don't want to
10 hear is that you need another 180 days to move this case
11 because you don't. The case has gone on far too long.
12     Mr. Bosch, you're up.
13     MR. BOSCH: Judge, I could not agree more with the
14 last comment. We're the plaintiff, and we filed this case in
15 2020. So we are delighted that the Court will resolve all the
16 outstanding discovery issues on the 13th or 14th; either one
17 works for plaintiff.
18     The only thing I ask, Your Honor, is in the event you
19 were to conclude at that summary judgment stage that adequate
20 information has been given and that that information does not
21 suggest any material impairment of plaintiff's rights or
22 defendants' obligations under the ground lease, then we know
23 where this case started was that there is a fraudulent
24 conveyance claim, that the whole purpose behind the formation
25 of RSD and the assignment was to avoid IWA's financial

15

1  obligations. So what we would want is to ensure that that
2  fraud case -- because that will be there regardless -- is set
3  for a trial in the event that this Court cannot resolve the
4  restatement issues on summary judgment. Because we don't want
5  this hanging out there. As you said, it's gone on long enough,
6  there won't be any more discovery needed at that point. We'll
7  have resolved our discovery within, hopefully, 60 days. So
8  that's what I would ask.
9      THE COURT: All right. Well, of course, that's an
10 issue you can raise in your motions for summary judgment or
11 opposition, if you will, that there are these caveats. I
12 understand that.
13     Ms. Davis, where are you on this?
14     MS. DAVIS: Your Honor, I'm in agreement with the
15 Court's proposal.
16     THE COURT: All right. Ms. Kropf?
17     MS. KROPF: I'm in agreement as well. Two questions
18 to clarify, Your Honor. We do have some depositions scheduled.
19 Should we -- of third parties, I think they can go forward.
20 The one IWA is scheduled, I believe, for next Friday. Do you
21 want us to wait for your rulings so --
22     THE COURT: -- anything you agree on as long as it's
23 not extending the case, I'll leave to you. If you can agree to
24 do it, do it.
25     MS. KROPF: Okay. Then with respect to -- as far as

16

1  the scope of discovery, I'm sure your rulings the week of the
2  13th will help clarify that for us. But the 60 days is for us
3  to complete discovery on both claims, on both the claim and the
4  fraud?
5      THE COURT: Well, that's an interesting question. I
6  suppose the reason why I'm saying you should is because it's
7  been -- there's enough water under the bridge already. How
8  much more do you need? But the main issue, it seems to me, in
9  this phase of the case is to decide whether or not the
10 assignment is valid, and if there are liabilities, the
11 liabilities may indeed be imposed upon both IWA and RSD. I
12 don't know. I haven't gotten to that phase of the case yet.
13     Right now the question is does what plaintiff says
14 impede the assignment period? My sort of inclination is to say
15 not necessarily. Doesn't let them off the hook but the idea
16 of, I think, establishing that there is some entitlement to
17 adequate assurances and then sort of mopping up afterwards,
18 after the assignment goes through, seems to be something I need
19 to contend with.
20     So in short answer, you can do any discovery between
21 now and the 13th that's been set up and there isn't some way in
22 which you think the Court's rulings on the 13th and 14th is
23 going to blow that up, that's up to you, you do whatever you
24 want. Go ahead.
25     MS. DAVIS: This is Rebecca Davis with IWA. Just to

**17**

clarify something with respect to the deposition of the IWA corporate witness. Three, if not more, of the topics that have been identified by plaintiff relate directly to the motions that are before the Court. Really, it's much more than that, but three are very much on point and are the subject of the protective order and also at least one of the motions to compel that have or will be filed. Then several other topics are implicated by at least two motions relating to privilege issues.

So if plaintiff would like to proceed with that deposition, we've always been agreeable to proceeding, but we don't want to, again, create inefficiency. We don't believe that IWA should ultimately have to pay costs if plaintiff does decide to proceed with that deposition without the Court ruling on those existing motions. That's just our view on it. It's really up to the plaintiff whether or not plaintiff wants to proceed. We just do not believe we should be penalized in any way if plaintiff does so.

THE COURT: Mr. Bosch?

MR. BOSCH: Your Honor, I think it would be worthwhile since we have Your Honor on the line for us to figure out right now which depositions defendants believe can go forward and which ones they believe cannot.

As to the 30(b)(6) deposition of IWA, the first deposition noticed in this case, we noticed it December 15, I

**18**

don't believe that there is anything within the scope of that notice that requires this Court's intervention. So maybe Ms. Davis can explain what this Court would be resolving by way of the pending motions that would affect my ability to ask a corporate representative the questions within the scope of that deposition.

MS. DAVIS: I believe there are. There are three topics that relate directly to IWA's financial information, not RSD's but IWA's which we do not believe are relevant, and we've objected to that throughout the course --

THE COURT: Back to the Court's ruling -- by the way, which date works, February 15 or 16 for defense counsel? Mr. Bosch said either day.

MS. DAVIS: Whichever date the Court chooses works for IWA.

THE COURT: 15th is fine. February 15.

MS. KROPF: Your Honor, this is Sara Kropf. I actually am appearing in front of a board to present findings from an investigation on the 15th. The 16th would be far better if that works for the Court.

THE COURT: Does it work for the other counsel? The 16th works better?

MR. BOSCH: For plaintiff, yes, it works.

THE COURT: All right, start at 11:00 a.m. until late afternoon.

**19**

Let me say this. Insofar as there are motions pending and further briefing that's due, I want all your responsive pleadings in hand before that. So opposition you file, whatever it is, get on the stick, work it out. I don't want you to come in and say there are another seven days of one before I have to reply. I'm going to decide then and there. If they have to be supplemented orally, that's when they'll be done. But that's when it's going to be done. No delays on that.

Insofar as you've got that area, Ms. Davis, that you think is beyond the purview of a proper deposition, let's defer on that. Don't take that deposition until I have a chance to rule on it and hear you. Have you briefed that already on the privilege issues?

MS. DAVIS: Yes, Your Honor, I believe the privilege issues, at least they are part of the motion for protective order, and then there was a separate motion to compel that was filed with the Court that we have -- actually we need to address that as well through a motion to strike, but otherwise everything's been --

THE COURT: Let me suggest this to you because you guys have given us a fairly large scramble day here. What I suggest is that among yourselves, you work out a sequence in which the motions that are pending, regardless of the sequence in which they were filed, 1 through 25, you tell me what we

**20**

should argue so that we're prepared to consider the particular issues. You work it out and submit that to me within the next ten days, okay? Counsel talk to each other about what needs to be decided in what sequence.

MR. BOSCH: Your Honor, this is Bill Bosch for plaintiff. We'll certainly take the lead on that. One thing, again, what I heard from defendants is they're not going to produce any witnesses because they believe we can't ask IWA about its financial statements. RSD is not going to produce any witnesses.

THE COURT: If they're not going to produce a witness and my ruling is they need to, then we'll decide that on February 16.

MR. BOSCH: Right. In the interim, the only depositions that will proceed, as I understand it, are five depositions that the defendants have noticed of brokers, third parties. I'm not sure what they relate to in the case, I'm not sure why they need this discovery. Will the defendants represent today that they're not going to be asking brokers questions about other properties because that's still in front of the judge?

THE COURT: Anybody want to respond?

MS. KROPF: Your Honor, this is Sara Kropf. We sent subpoenas to the real estate brokers who worked both with Rock Springs Drive and with the Camalier family on other properties.

21

1 Plaintiff has not filed a motion to quash, so I guess I'm
2 confused procedurally what the objection is. I don't believe
3 there's anything in front -- at least the plaintiffs have not
4 let us know they have an objection to the brokers answering any
5 questions. I'm not sure the scope of what Mr. Bosch is
6 suggesting.
7     Yes, we did plan to ask them about the sister
8 property and the market generally in the area. So that might
9 implicate other properties. I guess I'm not sure what the
10 objection Mr. Bosch is suggesting. We haven't seen anything
11 from them.
12     MR. BOSCH: So, Your Honor, again, this is a
13 situation where defendants issued subpoenas to brokers, didn't
14 send us notice when they sent the subpoenas, and now I'm
15 finding out that they plan to ask the brokers questions that
16 have already been briefed for Your Honor as to the scope of
17 discovery whether they can ask and seek discovery about other
18 properties --
19     THE COURT: Don't take the deposition. I'll hash it
20 out on the 16th.
21     MR. BOSCH: All right, thank you.
22     There are three depositions that they've noticed of
23 former employees of Rock Springs Properties, a nonparty. It
24 includes employees who haven't been employed by Rock Springs
25 Properties, a nonparty, since before 2012, before IWA even

22

1 required its interest in the ground lease. So those are
2 depositions, I think -- again, unless they're going to tell us
3 that they're only going to be asking these witnesses questions
4 about this property and this ground lease, would similarly be
5 within the scope of what the Court needs to decide on February
6 16.
7     MS. KROPF: Your Honor, this is Sara Kropf again. We
8 have given them notice of three subpoenas. We have only served
9 one of them and scheduled one of them.
10     I would ask that Your Honor ask the plaintiff if they
11 have an objection to these subpoenas, that they put it in
12 writing so we can understand the scope of it. The motions to
13 compel that are before the Court have to do with requests for
14 production of documents that we gave to other parties. They
15 had nothing to do with the brokers or these former employees.
16 Now these former employees do have knowledge about whether or
17 not this property, the property at issue in this litigation,
18 was leased or subleased while the plaintiff had control of it.
19     One of their allegations in the fraud case is that
20 the fact that this hasn't been subleased in the few years that
21 Rock Springs Drive has had it is evidence of fraud. So we
22 intend to show that because the market wasn't strong both while
23 the plaintiff had it and while IWA had it and now while Rock
24 Springs Drive has it, that that shows a pattern it's a result
25 of the weak market. So the one that has been scheduled for

23

1 Monday, she would be asked questions about that.
2     Now she also has information about the other
3 properties in the same office park and about the communications
4 with the brokers about them. So we would intend to ask that.
5 I guess --
6     THE COURT: Folks, you're getting me too far into the
7 weeds. Just all this stuff gets deferred until the 16th. But
8 I do appreciate your suggestion, Ms. Kropf, that Mr. Bosch
9 write a piece of paper just opposing the -- move to quash, if
10 you will, the depositions on the grounds that they would be too
11 wide-ranging, and I'll decide it then and there. I just can't
12 decide as we wing this along here. It may mean postponing
13 most, if not all, of the depositions between now and February
14 16, I don't know. But it's this kind of back and forth I
15 really can't deal with and we're spending a lot of time on it,
16 and I'm not prepared to decide the merits. I'm hearing
17 diverging opinions; that's enough for me to say kick it over to
18 the 16th of February.
19     MR. BOSCH: Thank you, Your Honor.
20     THE COURT: Yes. Denise, I'm sure counsel will want
21 a copy -- we don't have a court reporter. We have this
22 proceeding being transcribed -- rather, it's being recorded and
23 it can be transcribed. I assume you will want a copy of
24 this.
25     MR. BOSCH: Yes, Your Honor.

24

1     THE COURT: So Denise, can you arrange for that?
2     THE CLERK: Yes, Your Honor.
3     THE COURT: Okay, let's do that. Some kind of
4 reasonably expedited, I guess, because this is coming up in the
5 next few weeks, and I want to be able to have a document I can
6 point to to indicate what we talked about. Anything else --
7     MR. BOSCH: Your Honor, Bill Bosch again. I'm sorry,
8 Your Honor. One last thing. With the extension of discovery,
9 the 60-day extension from when the Court resolves all the
10 discovery issues on February 16, presumably that does not apply
11 to written discovery? We've already exchanged, and under the
12 rules, you have 30 days before the end of discovery to submit
13 your written discovery so that responses are received before
14 the deadline. We've already done all of that, and I don't want
15 to just, again, open up another can of worms by saying now
16 we'll get more request for production, more request for
17 admissions, more interrogatories. That deadline has passed,
18 and I don't think we should open it again for that. We're
19 focused now on depositions.
20     THE COURT: You're saying all document discovery all
21 around has been done?
22     MR. BOSCH: We've issued all the requests. We don't
23 have all the responses yet. But any request for admission, any
24 interrogatory, any request for production should have been
25 issued by yesterday within the Court's existing scheduling

1/26/2023 Telephone Conference

25

1  order. I just don't think we need to have another 60 days for
2  more written discovery. I just want to make sure that's within
3  the scope of how this --
4      MS. DAVIS: If I may, this is Rebecca Davis. Along
5  those lines, I believe the request for admissions cutoff
6  request was January 9, and we had new request for admissions.
7  I just want to make sure that if we're going to stick with the
8  original deadlines, that that applies to that as well.
9      THE COURT: 60 days to me is the end of discovery.
10 Now, look, keep this in mind. I don't want a request for
11 documents to go out on day 59 and think you have 30 days more
12 to respond. You need to prepare the case, prepare whatever you
13 have in mind, so that the appropriate response all happens
14 within the new deadline period. Sometimes people come to the
15 end of discovery and say, okay, I just made my request for
16 whatever it is, documents, interrogatories, and now it will
17 give us another 30 days to respond. Not going to happen this
18 way. Do it tomorrow if you need to get stuff going. Just get
19 it done. But it stops on the 60 days from the 16th.
20     Fair enough?
21     MR. BOSCH: Thank you, Your Honor. Fair enough.
22     THE COURT: Anything else? All right --
23     MS. DAVIS: No --
24     THE COURT: I'm sorry, I'm going to talk to my law
25 clerk a minute.

26

1      Oh, yes, there was the motion to intervene that RSD
2  filed. I don't know that I need to decide that ruling right
3  now either because, as I said, the wrongful assignment issue is
4  going to either end up with RSD as a player in the case or not.
5  I think almost certainly they're going to be a player in the
6  case one way or another so don't need to decide that motion.
7  Some of this stuff will fall in line as you hear my decision.
8      For now, as I said, I think summary judgment motions
9  take care of the wrongful assignment issue. I don't need to
10 decide whether that's a novel tort or not. If it's essentially
11 academic or moot, so be it. So I don't need to decide that
12 other issue.
13     Anything else? All right, folks. Thank you.
14   (Proceedings concluded at 3:40 p.m.)
15
16
17     I, Patricia G. Mitchell, RMR, CRR, do hereby certify
   that the foregoing is a correct transcript of the
18 audio-recorded proceedings in the above-entitled matter, audio
   recorded via FTR Gold on January 26, 2023, and transcribed from
19 the audio recording to the best of my ability and that said
   transcript has been compared with the audio recording.
20
       Dated this 31st day of January 2023.
21
22
23     _____
       Patricia G. Mitchell
24     Federal Official Court Reporter
25

Patricia G. Mitchell, RMR, CRR, Official Reporter
101 W. Lombard Street, 4th Floor, Baltimore, MD 21201

| A | B | C |
|---|---|---|
| **ability** 7:2, 18:4, 26:19<br>**able** 4:10, 8:4, 24:5<br>**above-entitled** 26:18<br>**academic** 10:18, 26:11<br>**action** 10:13, 10:17, 11:25, 12:2, 12:16, 12:21 12:22<br>**address** 9:23, 11:12, 19:19<br>**addressed** 7:1<br>**adequate** 13:3, 13:19, 14:3, 14:19, 16:17<br>**admission** 24:23<br>**admissions** 24:17, 25:5, 25:6<br>**adverse** 6:10, 6:13, 10:2, 11:4<br>**adversely** 5:13, 13:5<br>**affect** 10:16, 13:5, 18:4<br>**afternoon** 3:9, 3:13, 3:16, 9:7, 18:25<br>**agree** 4:9, 8:14, 14:13, 15:22, 15:23<br>**agreeable** 17:11<br>**agreement** 15:14, 15:17<br>**ahead** 16:24<br>**al** 1:6, 3:5<br>**allegation** 13:14<br>**allegations** 11:17, 22:19<br>**alleged** 11:24<br>**Amended** 4:2<br>**America** 1:6, 1:21, 3:5, 3:14<br>**answer** 11:11, 16:20<br>**answering** 21:4<br>**Anybody** 20:22<br>**anyway** 13:20<br>**appeal** 6:10, 6:13, 7:24, 8:11<br>**APPEARANCES** 2:1<br>**appearing** 18:18<br>**appears** 11:22<br>**applies** 25:8<br>**apply** 24:10<br>**appreciate** 23:8<br>**approach** 6:15<br>**appropriate** 25:13<br>**appropriately** 8:5<br>**approximately** 13:25<br>**area** 19:10, 21:8<br>**argue** 8:24, 8:24, 20:1<br>**arguing** 3:23<br>**argument** 4:14, 9:13, 10:19<br>**arrange** 24:1<br>**asked** 5:7, 23:1<br>**asking** 20:19, 22:3<br>**assignee** 10:25, 11:2<br>**assignment** 4:3, 10:1, 10:13, 10:19, 11:1 11:10, 11:15, 11:22, 11:25, 12:1, 12:3, 12:11 12:12, 12:16, 13:14, 13:16, 14:25, 16:10 16:14, 16:18, 26:3, 26:9<br>**assignments** 12:6, 13:13, 13:18<br>**assignor** 11:7<br>**assume** 23:23<br>**assurance** 13:19<br>**assurances** 16:17<br>**assured** 13:19<br>**Atlanta** 1:23<br>**attorney-client** 5:6<br>**audio** 2:9, 26:18, 26:19, 26:19<br>**audio-recorded** 26:18<br>**available** 6:3<br>**avoid** 14:25 | **back** 7:25, 8:9, 10:23, 13:11, 18:11, 23:14<br>**bang** 8:22, 8:23, 8:23<br>**basic** 12:9<br>**basically** 10:18, 10:18, 14:5<br>**behalf** 3:10<br>**belaboring** 10:5<br>**believe** 4:12, 6:6, 15:20, 17:12, 17:17, 17:22 17:23, 18:1, 18:7, 18:9, 19:15, 20:8, 21:2 25:5<br>**benefit** 8:6<br>**best** 26:19<br>**better** 18:20, 18:22<br>**beyond** 9:14, 9:19, 19:11<br>**Bill** 3:9, 20:5, 24:7<br>**blah** 9:12, 9:12, 9:12<br>**block** 11:25<br>**blow** 16:23<br>**board** 18:18<br>**Bosch** 1:17, 3:9, 3:9, 4:8, 4:9, 5:14, 5:15, 7:10 7:19, 14:12, 14:13, 17:19, 17:20, 18:13, 18:23 20:5, 20:5, 20:14, 21:5, 21:10, 21:12, 21:21 23:8, 23:19, 23:25, 24:7, 24:7, 24:22, 25:21<br>**breach** 6:25<br>**bridge** 16:7<br>**brief** 9:10<br>**briefed** 19:13, 21:16<br>**briefing** 19:2<br>**briefly** 7:7<br>**brokers** 5:3, 20:16, 20:19, 20:24, 21:4, 21:13 21:15, 22:15, 23:4<br>**brought** 12:2<br>**byways** 8:18 | **company** 3:18<br>**compared** 26:19<br>**compel** 8:8, 9:12, 17:6, 19:17, 22:13<br>**Complaint** 4:3<br>**complete** 8:4, 9:18, 16:3<br>**completely** 7:19, 8:14<br>**compliance** 12:17<br>**computer-aided** 2:9<br>**concern** 4:19, 5:1, 10:23, 11:23, 13:12<br>**concerned** 13:6, 13:12<br>**conclude** 14:19<br>**concluded** 26:14<br>**conference** 3:6<br>**confused** 21:2<br>**connection** 12:4<br>**consider** 20:1<br>**contemporaneous** 11:18<br>**contend** 16:19<br>**Continued** 2:1<br>**contract** 5:13, 10:2, 11:1, 12:9<br>**contract's** 11:3<br>**contract-based** 7:12<br>**control** 3:21, 22:18<br>**conveyance** 14:24<br>**copy** 23:21, 23:23<br>**corporate** 4:17, 4:25, 6:20, 17:2, 18:5<br>**correct** 5:14, 5:15, 12:1, 26:17<br>**costs** 17:13<br>**counsel** 3:7, 5:2, 5:8, 7:6, 18:12, 18:21, 20:3 23:20<br>**count** 4:2, 5:17, 6:6, 6:7, 6:15, 6:22, 7:1, 7:12 7:12, 7:14, 7:23, 8:1, 8:10, 12:13<br>**counts** 7:12, 7:22, 8:2, 9:21<br>**course** 5:6, 6:21, 7:21, 15:9, 18:10<br>**court** 1:1, 3:3, 3:8, 3:11, 3:15, 3:19, 4:11, 4:15 4:23, 5:9, 6:7, 7:4, 8:4, 8:12, 8:16, 8:21, 9:5 10:11, 11:23, 14:15, 15:3, 15:9, 15:16, 15:22 16:5, 17:4, 17:14, 17:19, 18:3, 18:11, 18:14 18:16, 18:20, 18:21, 18:24, 19:18, 19:21 20:11, 20:22, 21:19, 22:5, 22:13, 23:6, 23:20 23:21, 24:1, 24:3, 24:9, 24:20, 25:9, 25:22 25:24, 26:24<br>**Court's** 4:21, 6:10, 15:15, 16:22, 18:2, 18:11 24:25<br>**create** 7:22, 17:12<br>**creating** 8:10<br>**cross-motions** 8:5<br>**CRR** 26:17<br>**crucial** 5:7<br>**cutoff** 6:4, 25:5 |

| C (cont.) | D |
|---|---|
| **call** 10:17<br>**called** 12:16<br>**Camalier** 20:25<br>**capability** 6:23<br>**care** 26:9<br>**case** 3:4, 3:20, 3:22, 3:23, 4:5, 5:19, 8:17 10:17, 10:22, 10:24, 11:5, 11:10, 11:14, 11:19 12:23, 13:8, 14:10, 14:11, 14:14, 14:23, 15:2 15:23, 16:9, 16:12, 17:25, 20:17, 22:19, 25:12 26:4, 26:6<br>**cases** 12:25<br>**cause** 4:19, 10:13, 10:17, 12:15, 12:21, 12:22<br>**causes** 11:25, 12:2<br>**caveats** 15:11<br>**certainly** 6:9, 12:24, 13:10, 13:18, 20:6, 26:5<br>**certify** 12:24, 26:17<br>**challenge** 8:11<br>**chance** 13:2, 19:12<br>**charge** 12:13<br>**chooses** 18:14<br>**Circuit** 12:21, 12:24<br>**Civil** 1:5, 3:4<br>**claim** 6:12, 14:24, 16:3<br>**claims** 16:3<br>**clarify** 15:18, 16:2, 17:1<br>**clerk** 3:3, 9:4, 24:2, 25:25<br>**come** 8:4, 13:2, 13:11, 19:5, 25:14<br>**coming** 7:25, 8:9, 24:4<br>**comment** 14:14<br>**commitment** 13:10<br>**committing** 13:2<br>**communications** 23:3 | **Danial** 1:17, 3:10<br>**data** 9:25, 10:3, 10:7, 10:9<br>**date** 9:19, 18:12, 18:14<br>**Dated** 26:20<br>**dates** 6:2<br>**Davis** 1:22, 3:13, 3:14, 4:15, 4:16, 8:12, 8:13 15:13, 15:14, 16:25, 16:25, 18:3, 18:7, 18:14 19:10, 19:15, 25:4, 25:4, 25:23<br>**day** 8:21, 9:6, 18:13, 19:22, 25:11, 26:20<br>**days** 9:19, 9:20, 13:25, 14:10, 15:7, 16:2, 19:5 20:3, 24:12, 25:1, 25:9, 25:11, 25:17, 25:19<br>**DC** 1:19, 2:6<br>**deadline** 24:14, 24:17, 25:14<br>**deadlines** 25:8<br>**deal** 13:12, 13:20, 23:15<br>**December** 17:25 |

**decide** 8:6, 8:22, 8:24, 8:25, 9:12, 10:11, 11:21, 13:3, 13:22, 14:4, 16:9, 17:14, 19:6, 20:12, 22:5, 23:11, 23:12, 23:16, 26:2, 26:6, 26:10, 26:11
**decided** 9:8, 20:4
**decision** 6:13, 13:3, 26:7
**defendant** 1:21, 2:3, 3:11, 5:11, 10:1, 10:2, 10:11, 14:2
**defendants** 1:7, 4:13, 5:11, 6:2, 6:9, 6:19, 7:7, 10:5, 10:10, 14:2, 14:22, 17:22, 20:7, 20:16, 20:18, 21:13
**defense** 4:13, 18:12
**defer** 19:11
**deferred** 23:7
**delay** 9:9
**delays** 9:14, 19:8
**delighted** 14:15
**Denise** 23:20, 24:1
**deponent** 4:20
**depose** 5:7
**deposed** 4:20, 6:20
**deposition** 4:17, 5:18, 5:19, 5:20, 5:23, 17:1, 17:11, 17:14, 17:24, 17:25, 18:6, 19:11, 19:12, 21:19
**depositions** 4:10, 4:12, 4:25, 5:2, 5:5, 5:18, 5:20, 5:25, 6:4, 6:17, 6:18, 9:1, 15:18, 17:22, 20:15, 20:16, 21:22, 22:2, 23:10, 23:13, 24:19
**detail** 9:23
**determinations** 4:5
**determine** 11:2
**direct** 8:19
**directly** 17:3, 18:8
**disagree** 10:9
**discovery** 4:1, 4:5, 4:11, 6:4, 7:6, 7:11, 7:15, 7:22, 7:24, 8:1, 8:7, 8:22, 9:16, 9:17, 9:19, 9:21, 13:23, 14:1, 14:16, 15:6, 15:7, 16:1, 16:3, 16:20, 20:18, 21:17, 21:17, 24:8, 24:10, 24:11, 24:12, 24:13, 24:20, 25:2, 25:9, 25:15
**dismiss** 4:2, 7:13
**DISTRICT** 1:1, 1:1
**diverging** 23:17
**DIVISION** 1:2
**document** 24:5, 24:20
**documents** 22:14, 25:11, 25:16
**Drive** 2:3, 3:17, 3:24, 4:24, 7:10, 20:25, 22:21, 22:24
**due** 19:2
**duties** 7:1

**E**

**effect** 11:4
**efficient** 4:21, 7:21
**either** 10:15, 11:9, 14:16, 18:13, 26:3, 26:4
**employed** 21:24
**employees** 21:23, 21:24, 22:15, 22:16
**encompassed** 6:15
**ensure** 15:1
**enters** 6:7
**entirely** 11:14
**entitlement** 16:16
**Esquire** 1:17, 1:17, 1:22, 2:4
**essentially** 26:10
**establishing** 16:16
**estate** 5:3, 20:24
**et** 1:6, 3:5
**event** 6:12, 14:18, 15:3
**everything's** 19:20
**evidence** 22:21

**example** 6:25
**exception** 12:7, 13:19
**exchanged** 24:11
**existence** 11:18
**existing** 6:4, 17:15, 24:25
**exit** 6:23
**exonerates** 11:10
**expand** 9:18
**expedited** 24:4
**experts** 5:22, 5:23, 5:24, 6:3
**explain** 18:3
**explanation** 8:14
**extending** 13:15, 15:23
**extension** 8:3, 24:8, 24:9
**extent** 5:21, 11:7, 11:16, 13:19
**extra** 5:4

**F**

**fact** 3:20, 12:6, 12:17, 13:12, 22:20
**facts** 8:15
**fair** 4:6, 13:2, 25:20, 25:21
**fairly** 19:22
**faith** 7:1
**fall** 26:7
**family** 20:25
**far** 13:5, 14:11, 15:25, 18:19, 23:6
**February** 4:25, 6:5, 8:21, 9:2, 18:12, 18:16, 20:13, 22:5, 23:13, 23:18, 24:10
**Federal** 26:24
**feel** 4:4, 14:3
**figure** 7:25, 17:22
**file** 19:4
**filed** 14:14, 17:7, 19:18, 19:25, 21:1, 26:2
**final** 13:10
**finally** 13:3
**financial** 14:25, 18:8, 20:9
**find** 4:20
**finding** 21:15
**findings** 18:18
**fine** 4:16, 18:16
**finish** 9:20
**first** 4:7, 5:18, 8:20, 11:11, 14:2, 17:24
**fish** 13:6
**five** 20:15
**focused** 24:19
**folks** 3:19, 23:6, 26:13
**following** 9:15
**foregoing** 26:17
**form** 11:24
**formation** 14:24
**former** 21:23, 22:15, 22:16
**forth** 23:14
**forward** 4:6, 4:10, 9:17, 10:20, 12:4, 14:1, 15:19, 17:23
**Fourth** 12:21, 12:24
**frankly** 12:20
**fraud** 6:8, 6:12, 6:14, 6:21, 6:21, 7:14, 11:17, 12:13, 13:14, 15:2, 16:4, 22:19, 22:21
**fraudulent** 14:23
**free** 13:18
**freely** 12:6, 13:13
**Friday** 15:20
**front** 18:18, 20:20, 21:3
**fry** 13:6
**FTR** 26:18
**fulfill** 7:2
**fulfilling** 6:24
**full** 8:7, 8:21

**fun** 3:23
**further** 7:6, 9:8, 9:13, 11:23, 19:2
**future** 13:9, 14:7

**G**

**GA** 1:23
**generally** 21:8
**getting** 3:20, 7:24, 23:6
**give** 8:3, 8:16, 9:10, 11:2, 13:10, 13:25, 25:17
**given** 4:21, 10:3, 10:6, 10:19, 11:16, 12:6, 12:10, 12:10, 13:4, 14:20, 19:22, 22:8
**go** 4:6, 4:10, 8:25, 9:7, 9:17, 9:24, 10:20, 12:12, 12:13, 12:21, 14:1, 15:19, 16:24, 17:23, 25:11
**goes** 7:11, 7:12, 7:14, 12:3, 16:18
**going** 5:22, 7:24, 8:23, 9:7, 9:8, 12:19, 12:23, 12:23, 13:24, 13:24, 16:23, 19:6, 19:8, 20:7, 20:9, 20:11, 20:19, 22:2, 22:3, 25:7, 25:17, 25:18, 25:24, 26:4, 26:5
**Gold** 26:18
**good** 3:9, 3:13, 3:16, 7:1
**gotten** 16:12
**Greenbelt** 1:9
**ground** 6:24, 14:22, 22:1, 22:4
**grounds** 23:10
**guess** 21:1, 21:9, 23:5, 24:4
**guys** 3:23, 19:22

**H**

**hand** 3:20, 19:3
**handled** 13:8
**hanging** 15:5
**happen** 25:17
**happens** 25:13
**happy** 14:8
**hash** 21:19
**hear** 7:4, 14:8, 14:10, 19:13, 26:7
**heard** 8:12, 20:7
**hearing** 1:12, 23:16
**help** 16:2
**helpful** 5:4
**highways** 8:18
**hold** 10:21
**Honor** 3:9, 3:13, 3:16, 4:9, 4:24, 5:16, 7:13, 8:2, 8:6, 8:13, 14:18, 15:14, 15:18, 17:20, 17:21, 18:17, 19:15, 20:5, 20:23, 21:12, 21:16, 22:7, 22:10, 23:19, 23:25, 24:2, 24:7, 24:8, 25:21
**HONORABLE** 1:13
**hook** 11:7, 16:15
**hopefully** 15:7

**I**

**idea** 16:15
**identified** 17:3
**identify** 3:7
**II** 1:3, 3:4
**imagine** 4:21
**imminent** 4:22
**impairment** 14:21
**impede** 12:11, 12:12, 16:14
**impeding** 13:15
**implicate** 21:9
**implicated** 17:8
**implied** 6:25
**important** 11:6, 12:9

| | | |
|---|---|---|
| imposed 16:11<br>impression 11:11<br>impropriety 11:24<br>inclination 16:14<br>includes 8:7, 21:24<br>including 4:2<br>independent 6:23, 12:3<br>indicate 24:6<br>indicated 6:9<br>inefficiency 17:12<br>inefficient 7:15, 7:18<br>inform 9:16<br>information 5:11, 10:7, 10:19, 10:25, 11:1<br>  11:16, 12:10, 13:4, 14:3, 14:20, 14:20, 18:8<br>  23:2<br>Insofar 19:1, 19:10<br>intend 22:22, 23:4<br>intention 5:23<br>interest 22:1<br>interesting 11:5, 16:5<br>interim 20:14<br>interpretation 10:9<br>interrogatories 24:17, 25:16<br>interrogatory 24:24<br>intervene 26:1<br>intervention 18:2<br>investigation 18:19<br>Investors 1:5, 1:21, 3:5, 3:11, 3:14<br>invite 7:6<br>involved 11:20<br>involving 4:1<br>issue 9:24, 10:11, 10:24, 10:24, 11:5, 11:6<br>  12:15, 15:10, 16:8, 22:17, 26:3, 26:9, 26:12<br>issued 21:13, 24:22, 24:25<br>issues 4:11, 4:18, 6:8, 6:14, 6:21, 6:21, 8:15<br>  9:1, 11:20, 14:16, 15:4, 17:9, 19:14, 19:16<br>  20:2, 24:10<br>IWA 4:15, 4:16, 5:19, 10:16, 11:10, 12:2<br>  15:20, 16:11, 16:25, 17:1, 17:13, 17:24, 18:15<br>  20:8, 21:25, 22:23<br>IWA's 14:25, 18:8, 18:9<br><br>**J**<br><br>January 1:9, 25:6, 26:18, 26:20<br>judge 8:23, 13:24, 14:13, 20:21<br>judgment 5:17, 5:24, 6:6, 7:17, 8:5, 9:22<br>  10:10, 10:12, 10:14, 11:21, 12:5, 14:1, 14:5<br>  14:19, 15:4, 15:10, 26:8<br><br>**K**<br><br>Katherine 1:17, 3:10<br>keep 13:18, 25:10<br>key 10:12<br>kick 23:17<br>kind 4:18, 23:14, 24:3<br>know 7:17, 9:3, 12:5, 14:22, 16:12, 21:4<br>  23:14, 26:2<br>knowledge 22:16<br>Kropf 2:4, 2:4, 3:16, 3:16, 4:23, 4:24, 7:9, 7:9<br>  8:14, 12:20, 15:16, 15:17, 15:25, 18:17, 18:17<br>  20:23, 20:23, 22:7, 22:7, 23:8<br><br>**L**<br><br>language 12:8<br>large 19:22<br>largely 6:14 | late 18:24<br>law 9:25, 12:1, 25:24<br>lead 20:6<br>lease 14:22, 22:1, 22:4<br>leased 22:18<br>leave 15:23<br>left 14:6<br>liabilities 16:10, 16:11<br>line 17:21, 26:7<br>lines 25:5<br>litigation 22:17<br>little 3:20, 5:3<br>LLC 1:3, 1:6, 2:3, 3:4, 3:5<br>LLP 1:22<br>long 12:22, 14:11, 15:5, 15:22<br>look 11:21, 11:21, 25:10<br>looks 13:9<br>loosely 6:21<br>lose 8:24<br>lot 4:1, 23:15<br><br>**M**<br><br>magistrate 8:23, 13:24<br>main 4:12, 13:11, 16:8<br>major 10:22<br>manner 13:22<br>market 21:8, 22:22, 22:25<br>Maryland 1:1, 1:9<br>material 14:21<br>materially 5:13, 10:1, 10:3, 10:15, 10:15, 11:4<br>  13:4<br>matter 3:3, 9:25, 10:22, 12:18, 26:18<br>matters 12:12<br>mean 23:12<br>merits 23:16<br>MESSITE 1:13<br>mid-February 9:20<br>mind 25:10, 25:13<br>minute 25:25<br>mismanagement 11:17<br>Mitchell 26:17, 26:23<br>moment 9:24<br>Monday 9:3, 23:1<br>moot 26:11<br>mopping 16:17<br>morning 9:6<br>Moseley 2:4<br>motion 4:2, 7:13, 12:4, 19:16, 19:17, 19:19<br>  21:1, 26:1, 26:6<br>motions 4:1, 4:19, 5:6, 8:6, 8:8, 8:22, 9:11<br>  9:23, 10:14, 13:23, 15:10, 17:3, 17:6, 17:8<br>  17:15, 18:4, 19:1, 19:24, 22:12, 26:8<br>move 5:17, 6:5, 7:16, 8:17, 10:10, 14:10, 23:9<br><br>**N**<br><br>NE 1:23<br>necessarily 11:10, 12:8, 16:15<br>need 3:21, 4:12, 6:7, 6:11, 6:11, 7:4, 7:5, 9:6<br>  9:10, 11:12, 12:4, 12:5, 13:17, 13:17, 13:23<br>  14:10, 16:8, 16:18, 19:18, 20:12, 20:18, 25:1<br>  25:12, 25:18, 26:2, 26:6, 26:9, 26:11<br>needed 15:6<br>needs 7:13, 20:3, 22:5<br>never 6:7, 12:25<br>new 25:6, 25:14<br>nightmare 7:23<br>nonparty 21:23, 21:25 | notched 12:7<br>note 12:5<br>notice 18:2, 21:14, 22:8<br>noticed 5:18, 5:19, 6:1, 17:25, 17:25, 20:16<br>  21:22<br>novel 26:10<br>NW 1:18, 2:5<br><br>**O**<br><br>objected 18:10<br>objection 21:2, 21:4, 21:10, 22:11<br>objections 9:12<br>obligations 6:24, 7:3, 14:22, 15:1<br>obliged 11:2<br>office 23:3<br>Official 26:24<br>Oh 26:1<br>okay 3:19, 7:4, 8:16, 15:25, 20:3, 24:3, 25:15<br>once 9:15, 9:16, 11:21<br>ones 17:23<br>open 24:15, 24:18<br>opinions 23:17<br>opportunity 13:11<br>oppose 5:24<br>opposes 10:10<br>opposing 23:9<br>opposition 15:11, 19:3<br>oral 9:13<br>orally 19:7<br>order 6:18, 17:6, 19:17, 25:1<br>original 25:8<br>outstanding 4:19, 8:22, 13:23, 14:16<br>overlap 6:22<br><br>**P**<br><br>p.m 1:10, 3:2, 26:14<br>paper 23:9<br>park 23:3<br>parse 7:18<br>part 19:16<br>particular 20:1<br>parties 4:4, 8:7, 13:7, 13:11, 15:19, 20:17<br>  22:14<br>party 5:1, 11:2<br>passed 24:17<br>Patricia 26:17, 26:23<br>pattern 22:24<br>Paul 2:7, 3:17<br>pay 17:13<br>Peachtree 1:23<br>penalized 17:17<br>pending 3:3, 4:1, 12:23, 18:4, 19:2, 19:24<br>people 25:14<br>perform 10:4<br>performance 5:13, 10:2, 10:16, 11:4, 11:8<br>  13:5<br>period 9:18, 16:14, 25:14<br>permit 5:12<br>perspective 4:16<br>PETER 1:13<br>phase 13:8, 14:1, 16:9, 16:12<br>piece 23:9<br>Pillsbury 1:18<br>Pittman 1:18<br>PJM-20-1502 3:4<br>place 8:20<br>plaintiff 1:4, 1:16, 3:8, 3:10, 4:7, 5:7, 5:10 |

| | | |
|---|---|---|
| 5:12, 6:7, 7:16, 9:25, 10:7, 10:10, 11:23 12:11, 13:5, 14:14, 14:17, 16:13, 17:3, 17:10 17:13, 17:16, 17:16, 17:18, 18:23, 20:6, 21:1 22:10, 22:18, 22:23 | reasonably 24:4 | scope 9:1, 13:9, 16:1, 18:1, 18:5, 21:5, 21:16 22:5, 22:12, 25:3 |
| | Rebecca 1:22, 3:13, 16:25, 25:4 | scramble 19:22 |
| | received 5:10, 24:13 | second 4:2, 11:3, 11:6 |
| | recognized 13:13 | see 7:5, 12:14, 12:19, 13:1, 14:5 |
| plaintiff's 5:10, 14:21 | record 3:7, 8:4 | seek 21:17 |
| plaintiffs 14:4, 21:3 | recorded 2:9, 23:22, 26:18 | seeking 6:14, 6:19, 7:11 |
| plan 5:16, 6:5, 6:9, 21:7, 21:15 | recording 2:9, 26:19, 26:19 | seen 7:17, 21:10 |
| play 13:20 | reference 5:24 | send 8:23, 21:14 |
| player 26:4, 26:5 | regarding 13:6 | sense 14:7 |
| Plaza 1:3, 3:4 | regardless 12:8, 15:2, 19:24 | sent 20:23, 21:14 |
| pleadings 19:3 | relate 17:3, 18:8, 20:17 | separate 11:19, 11:19, 13:8, 19:17 |
| please 3:7 | related 5:6 | sequence 19:23, 19:24, 20:4 |
| PLLC 2:4 | relating 17:8 | seriatim 8:9 |
| point 14:9, 15:6, 17:5, 24:6 | relationship 13:7 | served 22:8 |
| points 9:11 | relationships 11:20 | set 9:19, 15:2, 16:21 |
| position 4:4, 4:13, 5:10, 5:12, 10:6, 11:9 | relevant 18:9 | seven 19:5 |
| possibility 10:21 | relief 6:7, 6:14 | Seventeenth 1:18 |
| possible 11:14 | rely 5:22 | Seyfarth 1:22, 3:14 |
| postponed 4:12 | remaining 11:2 | Shaw 1:18, 1:22, 3:14 |
| postponing 23:12 | remains 7:17, 8:1, 11:7 | short 16:20 |
| prepare 25:12, 25:12 | replies 10:11 | show 10:3, 22:22 |
| prepared 13:21, 20:1, 23:16 | reply 14:4, 19:6 | shows 22:24 |
| present 2:7, 18:18 | reporter 23:21, 26:24 | sides 7:11, 11:9 |
| preserve 6:11 | represent 20:19 | significant 10:24, 12:7 |
| presumably 24:10 | representative 18:5 | similarly 22:4 |
| primary 4:18, 5:1 | representatives 6:20 | simply 9:24 |
| privilege 5:6, 17:8, 19:14, 19:15 | request 24:16, 24:16, 24:23, 24:24, 25:5, 25:6 25:6, 25:10, 25:15 | sister 21:7 |
| probably 4:4, 11:12 | | situation 21:13 |
| procedural 7:23, 8:10, 8:15, 11:14 | requests 22:13, 24:22 | sorry 24:7, 25:24 |
| procedurally 7:5, 21:2 | required 22:1 | sort 8:17, 11:13, 13:9, 16:14, 16:17 |
| procedure 9:23 | requires 18:2 | sorts 11:24 |
| proceed 17:10, 17:14, 17:17, 20:15 | resolution 8:7 | SOUTHERN 1:2 |
| proceeding 4:17, 17:11, 23:22 | resolve 14:15, 15:3 | spending 23:15 |
| proceedings 1:12, 2:9, 26:14, 26:18 | resolved 6:2, 15:7 | Spring 1:3, 3:4 |
| proceeds 11:18 | resolves 4:11, 24:9 | Springs 2:3, 3:17, 3:24, 4:24, 7:9, 20:25 21:23, 21:24, 22:21, 22:24 |
| produce 20:8, 20:9, 20:11 | resolving 18:3 | |
| produced 2:9 | respect 15:25, 17:1 | St 1:23 |
| production 22:14, 24:16, 24:24 | respects 4:6 | stage 14:19 |
| proper 19:11 | respond 4:7, 7:7, 20:22, 25:12, 25:17 | standpoint 10:23 |
| properties 20:20, 20:25, 21:9, 21:18, 21:23 21:25, 23:3 | response 14:9, 25:13 | start 18:24 |
| | responses 14:9, 24:13, 24:23 | started 14:23 |
| property 21:8, 22:4, 22:17, 22:17 | responsive 19:3 | stated 6:21 |
| proposal 9:22, 15:15 | restatement 11:3, 15:4 | statement 4:6, 5:14, 5:15, 12:1 |
| propose 3:25, 8:20, 8:20, 9:15 | result 14:5, 22:24 | statements 20:9 |
| protective 6:18, 17:6, 19:16 | reversed 7:25 | STATES 1:1 |
| provided 14:3 | right 3:11, 3:15, 3:19, 6:12, 10:25, 12:5, 13:21 13:22, 14:6, 15:9, 15:16, 16:13, 17:22, 18:24 20:14, 21:21, 25:22, 26:2, 26:13 | STATUS 1:12 |
| purpose 3:6, 14:24 | | Ste 1:23 |
| pursue 6:12 | | Stepping 10:23 |
| purview 19:11 | rights 6:24, 14:21 | stick 19:4, 25:7 |
| push 3:22 | RMR 26:17 | stops 25:19 |
| put 13:1, 13:23, 14:8, 22:11 | Rock 1:3, 2:3, 3:4, 3:17, 3:24, 4:24, 7:9, 20:24 21:23, 21:24, 22:21, 22:23 | strategy 6:23 |
| | | Street 1:18, 2:5 |
| **Q** | RSD 3:15, 4:23, 5:19, 6:23, 7:2, 10:15, 11:18 12:2, 14:25, 16:11, 20:9, 26:1, 26:4 | strike 19:19 |
| | | strong 22:22 |
| quash 21:1, 23:9 | RSD's 18:9 | stronger 4:13, 4:14 |
| question 6:22, 7:2, 12:24, 16:5, 16:13 | Rubin 2:7, 3:18 | stuff 23:7, 25:18, 26:7 |
| questions 15:17, 18:5, 20:20, 21:5, 21:15 22:3, 23:1 | rule 7:13, 11:3, 19:13 | subject 17:5 |
| | rules 24:12 | subleased 22:18, 22:20 |
| | ruling 17:14, 18:11, 20:12, 26:2 | submit 20:2, 24:12 |
| **R** | rulings 4:21, 6:10, 6:10, 9:16, 15:21, 16:1 16:22 | subpoenas 20:24, 21:13, 21:14, 22:8, 22:11 |
| | | subsumed 10:14 |
| raise 15:10 | | sufficient 5:10, 9:25, 10:3, 11:15 |
| reach 6:8 | **S** | suggest 14:2, 14:21, 19:21, 19:23 |
| reading 8:16, 10:22 | | suggesting 21:6, 21:10 |
| real 5:3, 20:24 | Sara 2:4, 3:16, 7:9, 18:17, 20:23, 22:7 | suggestion 23:8 |
| really 10:8, 11:6, 12:12, 12:16, 12:17, 17:4 17:16, 23:15 | saying 10:8, 10:8, 16:6, 24:15, 24:20 | Suite 2:5 |
| | says 16:13 | summarize 13:21 |
| reason 6:18, 16:6 | scheduled 4:25, 15:18, 15:20, 22:9, 22:25 | summary 5:17, 5:24, 6:5, 7:16, 8:5, 9:22 |
| reasonable 9:18 | scheduling 24:25 | |

| | | |
|---|---|---|
| 10:10, 10:12, 10:14, 11:21, 12:5, 14:1, 14:5 14:19, 15:4, 15:10, 26:8<br>**supplemented** 9:13, 19:7<br>**suppose** 16:6<br>**supposed** 12:6<br>**sure** 6:11, 12:1, 12:16, 12:20, 16:1, 20:17 20:18, 21:5, 21:9, 23:20, 25:2, 25:7 | **various** 11:24<br>**view** 4:23, 11:14, 17:15<br>**vs** 1:4 | **2** |
| | | **20005** 2:6<br>**20036** 1:19<br>**2012** 21:25<br>**2020** 14:15<br>**2023** 1:9, 26:18, 26:20<br>**24** 6:5<br>**25** 19:25<br>**2500** 1:23<br>**26** 1:9, 26:18 |
| | **W** | |
| | **wait** 15:21<br>**waive** 6:14<br>**want** 4:7, 5:17, 5:18, 5:24, 6:13, 6:16, 6:17 6:20, 7:6, 8:12, 13:10, 13:18, 14:9, 15:1, 15:4 15:21, 16:24, 17:12, 19:2, 19:5, 20:22, 23:20 23:23, 24:5, 24:14, 25:2, 25:7, 25:10<br>**wants** 7:6, 7:16, 17:16<br>**Warranty** 1:5, 1:21, 3:5, 3:12, 3:14<br>**Washington** 1:19, 2:6<br>**water** 16:7<br>**way** 3:21, 6:18, 8:9, 8:19, 12:14, 12:19, 16:21 17:18, 18:3, 18:11, 25:18, 26:6<br>**we've** 6:1, 10:3, 10:6, 17:11, 18:9, 24:11 24:14, 24:22<br>**weak** 22:25<br>**Wednesday** 9:4<br>**weeds** 23:7<br>**week** 8:21, 9:2, 16:1<br>**weeks** 13:22, 24:5<br>**weigh** 12:4<br>**Whichever** 18:14<br>**wide-ranging** 23:11<br>**William** 1:17<br>**wind** 13:25<br>**wing** 23:12<br>**Winthrop** 1:18<br>**witness** 4:17, 17:2, 20:11<br>**witnesses** 20:8, 20:10, 22:3<br>**work** 5:2, 13:17, 18:21, 19:4, 19:23, 20:2<br>**worked** 5:5, 20:24<br>**works** 14:17, 18:12, 18:14, 18:20, 18:22 18:23<br>**worms** 24:15<br>**worthwhile** 17:21<br>**wrapped** 6:25, 7:1, 7:19<br>**write** 23:9<br>**writing** 22:12<br>**written** 24:11, 24:13, 25:2<br>**wrongful** 4:3, 10:13, 12:16, 26:3, 26:9 | |
| **T** | | **3** |
| **take** 3:21, 5:12, 5:18, 5:21, 5:22, 5:25, 6:10 6:17, 7:15, 8:20, 11:9, 12:5, 12:25, 19:12 20:6, 21:19, 26:9<br>**taken** 8:1, 8:2<br>**talk** 20:3, 25:24<br>**talked** 9:20, 10:15, 24:6<br>**talking** 8:18<br>**Taylor** 2:7, 3:17<br>**Teleconference** 1:13<br>**telephone** 3:6<br>**tell** 19:25, 22:2<br>**ten** 20:3<br>**tenant's** 6:24, 7:3<br>**terms** 8:25, 9:23<br>**terrain** 3:24<br>**thank** 21:21, 23:19, 25:21, 26:13<br>**thing** 13:1, 14:18, 20:6, 24:8<br>**things** 7:18, 12:11, 13:9<br>**think** 4:13, 4:18, 5:1, 7:10, 7:21, 8:2, 8:10 8:17, 9:11, 10:5, 10:6, 12:21, 13:17, 15:19 16:16, 16:22, 17:20, 19:11, 22:2, 24:18, 25:1 25:11, 26:5, 26:8<br>**third** 5:1, 11:13, 13:6, 15:19, 20:16<br>**thought** 4:15<br>**three** 17:2, 17:5, 18:7, 21:22, 22:8<br>**Thursday** 9:4<br>**time** 5:4, 5:4, 5:16, 8:3, 8:10, 8:24, 9:10, 9:18 11:11, 23:15<br>**today** 20:19<br>**tomorrow** 25:18<br>**topics** 17:2, 17:7, 18:8<br>**tort** 26:10<br>**transaction** 11:19, 13:14<br>**transcribed** 23:22, 23:23, 26:18<br>**transcript** 1:12, 2:9, 26:17, 26:19<br>**transcription** 2:9<br>**transforming** 13:14<br>**trial** 6:12, 15:3<br>**troublesome** 13:16<br>**Troy** 2:7, 3:17<br>**true** 7:10<br>**truly** 13:12<br>**try** 7:15, 7:18, 7:25<br>**trying** 5:2<br>**Tuesday** 9:3<br>**twice** 4:20<br>**two** 5:23, 7:18, 15:17, 17:8 | | **3:00** 1:10<br>**3:02** 3:2<br>**3:40** 26:14<br>**30** 24:12, 25:11, 25:17<br>**30(b)(6** 5:19, 5:20, 17:24<br>**30309** 1:23<br>**317** 11:3, 12:18<br>**318** 12:18<br>**31st** 26:20 |
| | | **5** |
| | | **59** 25:11 |
| | | **6** |
| | | **60** 9:19, 9:20, 13:25, 15:7, 16:2, 25:1, 25:9 25:19<br>**60-day** 24:9 |
| | | **8** |
| | | **8:20-cv-01502-PJM** 1:5 |
| | | **9** |
| | | **9** 25:6 |
| | **Y** | |
| | **years** 22:20<br>**yesterday** 24:25 | |
| | **1** | |
| | **1** 4:2, 5:17, 6:6, 6:7, 6:15, 6:22, 7:1, 7:12 19:25<br>**1075** 1:23<br>**11:00** 18:24<br>**1100** 2:5<br>**1200** 1:18<br>**1220** 2:5<br>**13** 8:21<br>**13th** 9:5, 14:16, 16:2, 16:21, 16:22<br>**14th** 9:5, 14:16, 16:22<br>**15** 9:2, 9:5, 17:25, 18:12, 18:16<br>**15th** 18:16, 18:19<br>**16** 18:12, 20:13, 22:6, 23:14, 24:10<br>**16th** 9:6, 18:19, 18:22, 21:20, 23:7, 23:18 25:19<br>**180** 14:10 | |
| **U** | | |
| **ultimately** 17:13<br>**understand** 4:3, 5:9, 6:19, 15:12, 20:15, 22:12<br>**UNITED** 1:1 | | |
| **V** | | |
| **vague** 11:20<br>**valid** 11:22, 16:10<br>**validated** 11:15 | | |