# EXHIBIT Q

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Rock Spring Plaza II, LLC, | |
| **Plaintiff,** | |
| v. | Civil Action No. 8:20-cv-01502-PJM |
| Investors Warranty of America, LLC, et al., | |
| **Defendants.** | |

## DEFENDANTS' JOINT MOTION FOR CLARIFICATION

Defendants seek clarification of the Court's recent order on Plaintiff's motion for summary judgment, as there is disagreement among the parties as to the scope of the Court's ruling.

On August 3, 2022, the Court issued its Order (Dkt. 152) (the "Order") and Memorandum Opinion and Order (Dkt. 151) (the "Opinion") granting in part, and denying in part, Plaintiff's Motion for Summary Judgment (Dkt. 127). Relevant to this instant Joint Motion for Clarification (the "Motion"), the Order states that Plaintiff is entitled to:

> Basic information from Defendants regarding IWA's assignment of the Ground Lease and related agreements that are the subject of this suit to RSD, specifically information as to the origination, organization, and structure of RSD, as set forth in the Memorandum Opinion, in order to obtain adequate assurances that RSD is able [to] fulfill IWA's obligations under the Ground Lease and related agreements.

Opinion at 1-2. The Memorandum provides more specificity as to the information that the Court ruled Plaintiff was entitled to receive, stating:

> Accordingly, the Court holds that an obligor under a contract—even a contract permitting assignment subject to no specific limitations—is, upon request, entitled to at least some basic information regarding a proposed assignee by the proposed assignor and proposed assignee – such as the identity of the assignee; if an entity, who the owners and principals of the assignee are; when the assignee, if an entity,

86989404v.1

was formed and for what purpose, and cursory information about an assignee entity's organization and structure. To be clear: An obligor is not entitled to whatever information it demands, nor is it necessarily entitled to block an assignment based on the information received, although it may, in good faith, delay assignment until a court, if necessary, is able to judge the impact of the proposed assignment on the obligor.

To repeat: The obligor may only seek basic information about the proposed assignee and must do so and the proposed assignor's and proposed assignee's response to its inquiry must proceed – in good faith – and without question, this should occur expeditiously, presumably in a matter of days or a few weeks at most. So, it should be clear that any overreach by the obligor in seeking the relevant information as well as any hard-nosed stonewalling on the part of the proposed assignor or assignee (or their counsel) in response, can and should be subject not only to a court order compelling or denying production of relevant information but also to possible sanctions of the sort contemplated by Federal Rule of Civil Procedure 11.

Opinion at 16.

Defendants Investors Warrant of America, LLC ("IWA") and Rock Springs Drive LLC ("RSD," and together with IWA, "Defendants") have taken seriously the Court's Order and Opinion, including the Court's warning of sanctions for failure to comply with them. Immediately after the Order and Opinion were issued, Defendants conferred and determined the most effective way to confirm compliance was to identify for Plaintiff the information and documents that addressed the "basic information" identified by the Court and the dates when that information had previously been provided in discovery. Before Defendants could provide this confirmation to Plaintiff, Plaintiff wrote to Defendants on August 11, 2022 demanding immediate compliance with the Opinion and Order.

On August 23, 2022, Defendants each sent a letter to Plaintiff, which included tables of the "basic information" identified by the Court. With respect to each category of "basic information," Defendants provided a corresponding explanation of the "basic information," and further identified sources of information supporting the response, including any relevant Bates numbers of any documents and the date on which the information was provided for the first time

2

in litigation, even if the information was provided before the lawsuit commenced. Copies of the

correspondence served on Plaintiff by IWA and RSD are attached as ***Exhibits A and B***. As

shown in the tables, Defendants produced this information in discovery by January 2021, eight

months before Plaintiffs filed their motion for summary judgment. Defendants summarize the

information provided and list the dates when it was provided to Plaintiff in discovery in the table

below.

| Category of Information | Responsive Information | Information/documents provided by Defendant in discovery (date provided to Plaintiff) |
|---|---|---|
| **Identity of the assignee** | Rock Springs Drive LLC | *By IWA*<br>• Notice of Assignment to Plaintiff dated August 31, 2017, provided to Plaintiff on August 31, 2017 (Camalier-0000853)<br>• Multiple notices to other entities advising of the assignment (IWA0002249-2251), produced by IWA on January 13, 2021<br>• Assumption and Assignment of Ground Lease (IWA0023225-23226), produced by IWA on July 3, 2021<br><br>*By RSD*<br>• Notice of Assignment, RSD-005514 (January 21, 2021)<br>• Assumption and Assignment of Ground Lease, RSD-005103-5104 (January 21, 2021) |
| **Identity of owners and principals of RSD** | RSD is a limited liability company formed by Longshore Ventures LLC & Investors Warranty of America.<br><br>RSD is managed by Longshore Ventures.<br><br><br>Longshore Ventures' principals are Paul Rubin and Troy Taylor.<br><br>RSD owners are Longshore Ventures LLC & IWA. Longshore Ventures is the managing member of RSD. | *By IWA*<br>• Corporate Disclosures, [ECF 19] (July 6, 2020)<br>• IWA's Response to Interrogatory Nos. 8-11, dated January 13, 2021<br>• RSD Operating Agreement (IWA0001915-1968), produced by IWA on January 13, 2021<br>• IWA's Response in Opposition to Motion for Partial Summary Judgment and Statement of Facts [ECF 132], filed October 13, 2021<br><br>*By RSD*<br>• RSD's Rule 7.1 corporate disclosure (July 7, 2020)<br>• Response to Interrogatory No. 1 (January 13, 2021)<br>• RSD Operating Agreement, RSD-005279-5332 (January 21, 2021)<br>• Longshore Ventures Written Consent, RSD-005727-5724 (January 21, 2021)<br>• Longshore Ventures-RSD Management Agreement, RSD-005114-5117 (January 21, 2021) |

| | The members and principals of Longshore Ventures LLC are Paul Rubin and Troy Taylor. | |
|---|---|---|
| **When RSD was formed** | August 25, 2017 | *By IWA*<br>• RSD corporate formation documents (RSD-003711-3713), produced by RSD on January 21, 2021<br><br>*By RSD*<br>• RSD corporate formation documents, RSD-003711-3713 (January 21, 2021) |
| **Purpose of RSD formation** | RSD is a special purpose entity formed as a joint venture to accept assignment of the Ground Lease and to evaluate possible business opportunities for the Ground Lease and to facilitate the marketing and leasing, and possibly even the sale of the leasehold interest.<br><br>RSD was formed as a special purpose entity to accept assignment of the Ground Lease and to evaluate strategic alternatives for the Ground Lease | *By IWA*<br>• IWA's Response to Interrogatory Nos. 8-11, dated January 13, 2021<br>• RSD Operating Agreement, (IWA0001915-1968), produced by IWA on January 13, 2021<br>• David Feltman Memorandum to Scott Cote dated August 28, 2017 (IWA0005049-51), produced by IWA on May 18, 2021<br>• IWA's Response in Opposition to Motion for Partial Summary Judgment and Statement of Facts [ECF 132], filed October 13, 2021<br><br>*By RSD*<br>• Response to Interrogatory No. 8 (January 13, 2021)<br>• RSD Operating Agreement, RSD-005279-5332 (January 21, 2021) |
| **"Cursory information" about RSD organization and structure** | RSD is a member-managed LLC formed under Maryland law. It is owned 98% by IWA and 2% by Longshore Ventures. | *By IWA*<br>• IWA's Response to Interrogatory Nos. 8-11, dated January 13, 2021<br>• RSD Operating Agreement (IWA0001915-1968), produced by IWA on January 13, 2021<br>• RSD Management Agreement (RSD-005114-5117), produced by RSD on January 21, 2021<br><br>*By RSD*<br>• Response to Interrogatory No. 1 (January 13, 2021)<br>• RSD Operating Agreement, RSD-005279-5332 (January 21, 2021) |

86989404v.1

On August 30, 2022, Plaintiff responded to Defendants' August 23, 2022 letters, and took the position that the identification of the "basic information" was not sufficient. ***Exhibit C***. Plaintiff did not contest that the information provided satisfied the categories identified in the Order, but claimed that the Court had also ordered that Plaintiff is entitled to evidence that RSD is "at the very least, [has] access to substantial debt and/or equity financing or a binding commitment from IWA or another well-capitalized party to guarantee RSD's obligation under the Ground Lease." It goes on to claim that "[n]o information Defendants have provided even attempts to address the matter of RSD's capitalization and ongoing financial capability."

Defendants have a strong desire to demonstrate compliance with the Order, and do not read the Court's Order to hold that "basic information" includes this type of information that Plaintiff is now demanding. In addition, Defendants are not aware of any legal authority or industry standard that supports Plaintiff's so far unexplored view of capitalization, and neither the Order nor Memorandum established what evidence is mandated to demonstrate adequate assurance or capitalization. Indeed, adequate assurance or capitalization are appropriate issues for trial.

Important here, Defendants do not dispute that Plaintiff is entitled ***in discovery*** to RSD's relevant financial information if Plaintiff plans to argue that RSD's capitalization structure supports a finding of fraud. And Defendants have already produced in discovery all of the financial information necessary for Plaintiff to understand RSD's finances and capitalization structure. Specifically, Defendants have each separately produced over 20,000 pages of documents that address among other things: RSD's valuation, capitalization level, purpose, funding source, bank records, payment records, quarterly and yearly financial statements, budgets, property management efforts, attempts to lease the subject property, and repairs and

maintenance activities. Defendants cannot produce documents that do not exist, and contend that there are other manners of discovery where capitalization may be explored, which is what Defendants believe was meant by the Court.

Despite all this discovery, Plaintiff's correspondence nonetheless suggests that Defendants have not complied with the Court's instructions because Defendants have not identified for Plaintiff specific documents for what Plaintiff now views as being a dispositive issue. Again, Defendants dispute Plaintiff's newly asserted standards of adequate assurance, but as IWA has detailed in a letter dated September 14, 2022, have nonetheless already produced documents relevant to the issue of "adequate assurance," capitalization, funding and valuation. *Exhibit D*. With respect to the Order, Defendants respectfully assert that Plaintiff's demands are overreaching and Defendants do not believe those are the documents at issue to confirm compliance and are not contemplated by the "basic information" language in the Order.

Defendants wish to comply with the Court's Order based on the Court's understanding that Defendants have not produced the information required by Restatement (Second) of Contracts §317. Accordingly, Defendants seek clarification as to any additional information that is to be supplied to meet the Court's expectations, or in the alternative, the Court's confirmation that the "basic information" provided by Defendants fully satisfies the Order and Opinion.

Respectfully submitted, this 19th day of September, 2022.

KROPF MOSELEY PLLC

By: */s/Sara E. Kropf*
Sara E. Kropf, Esq., Bar No. 26818
1100 H Street NW, Suite 1220
Washington, DC 20005
Telephone: (202) 627-6900
sara@kmlawfirm.com

*Counsel for Defendant Rock Springs Drive LLC*

SEYFARTH SHAW LLP

By: */s/ Rebecca A. Davis*
Rebecca A. Davis, Bar No. 23183
rdavis@seyfarth.com
1075 Peachtree Street NE, Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

6

Edward V. Arnold, Bar No. 29401
earnold@seyfarth.com
Anthony J. LaPlaca, Bar No. 20885
alaplaca@seyfarth.com
975 F Street, NW
Washington, D.C. 20004
Telephone:  (202) 463-2400
Facsimile:   (202) 828-5393

*Counsel for Defendant Investors Warranty*
*of America, LLC*

86989404v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Rock Spring Plaza II, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 8:20-cv-01502-PJM** |
| **Investors Warranty of America, LLC, et al.,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2022, I electronically filed the foregoing

**DEFENDANTS' JOINT MOTION FOR CLARIFICATION** via the Court's CM/ECF

system, which will automatically provide electronic service copies to all counsel of record.

| | |
|---|---|
| William Bosch, Esq.<br>Alvin Dunn, Esq.<br>Katherine Danial, Esq.<br>Pillsbury Winthrop Shaw Pittman LLP<br>1200 Seventeenth Street, N.W.<br>Washington, DC  20036<br>william.bosch@pillsburylaw.com<br>alvin.dunn@pillsburylaw.com<br>katherine.danial@pillsburylaw.com<br>*Attorney for Rock Springs Plaza II, LLC* | Sara E. Kropf, Esq.<br>Kropf Moseley PLLC<br>1100 H Street NW, Suite 1220<br>Washington, DC  20005<br>sara@kmlawfirm.com<br>*Counsel for Defendant Rock Springs Drive LLC* |
| Anthony L. Meagher, Esq.<br>Nicole M. Kozlowski, Esq.<br>DLA Piper LLP<br>6225 Smith Avenue<br>Baltimore, MD  21209<br>anthony.meagher@dlapiper.com<br>nicole.kozlowski@dlapiper.com<br>*Attorney for Defendant Transamerica Corporation* | |

By: */s/ Rebecca A. Davis*
Rebecca A. Davis (Bar No.  23183)

8

86989404v.1

# EXHIBIT A



**Seyfarth Shaw LLP**
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
**T** (404) 885-1500
**F** (404) 892-7056

rdavis@seyfarth.com
T (404) 888-1874

www.seyfarth.com

August 23, 2022

<u>**VIA EMAIL**</u>

William Bosch
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036-3006

       Re:     *Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC*;
             Case No. 8-20-cv-01502-PJM

Dear Bill:

On behalf of Investors Warranty of America ("IWA"), I am responding to your letter dated August 11, 2022.

As an initial matter, in its Memorandum Opinion and Order dated August 3, 2022 (the "Order"), the Court denied most of Plaintiff's motion for summary judgment and ordered that discovery proceed. To that end, IWA would like to cooperatively resolve all disputes with Plaintiff regarding its discovery deficiencies, and therefore is providing Plaintiff and Rock Springs Properties LLC final opportunities to supplement their discovery responses and resolve their discovery deficiencies. Please let me know by August 29, 2022, whether your clients will be supplementing their discovery responses to address the deficiencies previously identified by IWA, including those raised in the Motion to Compel filed on August 9, 2021, and the deficiencies raised in IWA's prior letters dated March 3, May 21, and June 30, 2021.

Turning to your letter, the Court has created a new disclosure obligation based on Sections 317 and 318 of the Restatement of Contracts, and based on that new obligation, has determined that Defendants must provide some "basic information" regarding the assignee, such as the "the identity of the assignee; if an entity, who the owners and principals of the assignee are; when the assignee, if an entity was formed and for what purpose, and cursory information about an assignee entity's organization and structure." IWA disagrees that Maryland law requires the disclosure of the "basic information" identified by the Court, but IWA intends to fully comply with the Court's Order. It is our sincere belief that all "basic information" was provided to Plaintiff either before Plaintiff filed its Complaint or shortly after the commencement of discovery, and that much of the Court's Order is based on a misunderstanding of the documents produced in this case. Indeed, IWA has produced in excess of 24,000 pages of documents, not including native spreadsheets and other files, containing much more than the "basic information" identified in the Order. The below

 **Seyfarth**

August 23, 2022
Page 2

table contains a non-exhaustive list of documents, pleadings or responses that have been filed or produced, which provides the "basic information" identified by the Court.

| "Basic Information" required | Answer | Source and Date Provided |
|---|---|---|
| **Identity of the assignee** | Rock Springs Drive LLC | • Notice of Assignment to Plaintiff dated August 31, 2017, provided to Plaintiff on August 31, 2017 (Camalier-0000853)<br>• Multiple notices to other entities advising of the assignment (IWA0002249-2251), produced by IWA on January 13, 2021<br>• Assumption and Assignment of Ground Lease (IWA0023225-23226), produced by IWA on July 3, 2021 |
| **Identity of owners and principals of RSD[1]** | RSD is a limited liability company formed by Longshore Ventures LLC & Investors Warranty of America.<br><br>RSD is managed by Longshore Ventures.<br><br>Longshore Ventures' principals are Paul Rubin and Troy Taylor. | • Corporate Disclosures, [ECF 19] (July 6, 2020)<br>• IWA's Response to Interrogatory Nos. 8-11, dated January 13, 2021<br>• RSD Operating Agreement (IWA0001915-1968), produced by IWA on January 13, 2021<br>• IWA's Response in Opposition to Motion for Partial Summary Judgment and Statement of Facts [ECF 132], filed October 13, 2021 |
| **When RSD was formed[2]** | August 25, 2017 | • RSD corporate formation documents (RSD-003711-3713), produced by RSD on January 21, 2021 |
| **Purpose of RSD formation** | RSD is a special purpose entity formed as a joint venture to accept assignment of the Ground Lease and to evaluate possible business opportunities for the | • IWA's Response to Interrogatory Nos. 8-11, dated January 13, 2021<br>• RSD Operating Agreement, (IWA0001915-1968), produced by IWA on January 13, 2021 |

---

[1] Although not addressed in the Order, IWA further notes that it provided details of its own corporate structure in its Corporate Disclosures [ECF 18] and in response to Plaintiff's Interrogatory No. 1.

[2] Although information regarding RSD is perhaps best provided by RSD, IWA provides these responses in the interest of completeness.

 **Seyfarth**

August 23, 2022
Page 3

| | Ground Lease and to facilitate the marketing and leasing, and possibly even the sale of the leasehold interest. | • David Feltman Memorandum to Scott Cote dated August 28, 2017 (IWA0005049-51), produced by IWA on May 18, 2021<br>• IWA's Response in Opposition to Motion for Partial Summary Judgment and Statement of Facts [ECF 132], filed October 13, 2021 |
|---|---|---|
| **"Cursory information about an entity's organization and structure[3]** | RSD is a member-managed LLC formed under Maryland law. It is owned 98% by IWA and 2% by Longshore Ventures. | • IWA's Response to Interrogatory Nos. 8-11, dated January 13, 2021<br>• RSD Operating Agreement (IWA0001915-1968), produced by IWA on January 13, 2021[4]<br>• RSD Management Agreement (RSD-005114-5117), produced by RSD on January 21, 2021 |

It is our belief that the documents and discovery responses identified above confirm that the "basic information" identified in the Order has been produced. We are perplexed as to what else we can provide. If there is additional information that you feel should be produced pursuant to the requirements of the Order, please contact me immediately and identify with particularity the information you contend is still outstanding. As stated above, IWA intends to and believes it has fully complied with the Order.

Regarding Plaintiff's inquiry as to IWA's Responses to Interrogatory Nos. 1-3, 6, 8-11 and 15 of Plaintiff's First Set of Interrogatories (the "Responses"), IWA has reviewed the Responses and has determined that the Responses are complete and fully respond to the interrogatories. If you contend that there is specific information that you were not provided responsive to any particular interrogatory, please contact me immediately and identify with particularity what information was omitted.

---

[3] The Court did not define what it meant by "cursory information," however, of the 24,000 pages produced, IWA has produced thousands of pages of evidencing corporate structure, ownership interest and financial information.

[4] Although not specifically required by the Order, amendments to the RSD Operating Agreement evidencing capital contributions have already been produced to Plaintiff (See, e.g., Tenth Amendment to RSD Operating Agreement, IWA0022826).



August 23, 2022
Page 4

     Finally, regarding the scheduling order, IWA agrees with the six-month discovery schedule proposed by Rock Springs Drive, LLC.

               Sincerely,

               SEYFARTH SHAW LLP

               */s/ Rebecca A. Davis*

               Rebecca A. Davis

cc     Sara Kropf  (Via Email: sara@kmlawfirm.com)
        Anthony Meagher (Via Email: anthony.meagher@dlapiper.com)
        Nicole Marie Kozlowski (Via Email: nicole.kozlowski@dlapiper.com)
        Alvin Dunn (Via Email: alvin.dunn@pillsburylaw.com)
        Katherine T. Danial (Via Email: katherine.danial@pillsburylaw.com)
        Nicole Steinberg (Via Email: nicole.steinberg@pillsburylaw.com)
        Edward V. (Teddie) Arnold (Via Email: earnold@seyfarth.com)

# EXHIBIT B

 Kropf Moseley

August 23, 2022

SENT VIA ELECTRONIC MAIL

William Bosch
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036-3006

 *Re: Rock Spring Plaza I LLC v. Rock Springs Drive LLC*

Dear Bill:

 I write to respond to your letter dated August 11, 2022. This letter will address each of your points in turn.

 *Compliance with Court's Order on Motion for Summary Judgment*

 On August 3, 2022, the Court denied most of Plaintiff's motion for summary judgment and ordered that discovery proceed on your fraudulent conveyance claim. It did, however, grant a portion of Plaintiff's motion and imposed a new disclosure obligation based on Sections 317 and 318 of the Restatement of Contracts.[1]

 In its opinion, the Court seemed to be under the incorrect impression that Rock Springs Drive ("RSD") has not already provided Plaintiff this information during this litigation. Plaintiff's August 11 letter quotes the Court as saying that RSD has not "satisfied" this disclosure obligation through discovery. Plaintiff then requests that RSD "immediately produce documents consistent with the Court's holding and explicit direction."

 For the avoidance of any doubt, putting aside the information provided by RSD and known to Landlord around the time of the assignment in August 2017, RSD provided the information required by the Court's order by the end of January 2021, though its Rule 7.1 disclosure, its response to Plaintiff's interrogatories, and in its first document production.[2] The chart below summarizes the documents that provided that information and provides the bates numbers for them. If you have any difficulty locating these documents, please let us know.

---

[1] RSD reserves all rights to appeal the Court's ruling.
[2] Rock Springs Drive made three separate productions to Plaintiff in January, March, and April 2021, totaling 23,204 pages of material. They have the bates numbers RSD-00001 to RSD-0023204.

Kropf Moseley

| Category of Information | Responsive Information | Information/documents provided by RSD in discovery (date provided to Plaintiff) |
|---|---|---|
| **Identity of the assignee** | Rock Springs Drive LLC | • Notice of Assignment, RSD-005514 (January 21, 2021)<br>• Assumption and Assignment of Ground Lease, RSD-005103-5104 (January 21, 2021) |
| **Identity of owners and principals of RSD[3]** | RSD owners are Longshore Ventures LLC & Investors Warranty of America. Longshore Ventures is the managing member of RSD.<br><br>The members and principals of Longshore Ventures LLC are Paul Rubin and Troy Taylor. | • RSD's Rule 7.1 corporate disclosure (July 7, 2020)<br>• Response to Interrogatory No. 1 (January 13, 2021)<br>• RSD Operating Agreement, RSD-005279-5332 (January 21, 2021)<br>• Longshore Ventures LLC Written Consent, RSD-005727-5724 (January 21, 2021)<br>• Longshore Ventures-Rock Springs Drive Management Agreement, RSD-005114-5117 (January 21, 2021) |
| **When RSD was formed** | August 25, 2017 | • RSD corporate formation documents, RSD-003711-3713 (January 21, 2021) |
| **Purpose of RSD formation** | RSD was formed as a special purpose entity to accept assignment of the Ground Lease and to evaluate strategic alternatives for the Ground Lease | • Response to Interrogatory No. 8 (January 13, 2021)<br>• RSD Operating Agreement, RSD-005279-5332 (January 21, 2021) |
| **"Cursory information" about RSD organization and structure[4]** | RSD is a member-managed LLC formed under Maryland law. It is owned 98% by IWA and 2% by Longshore Ventures. | • Response to Interrogatory No. 1 (January 13, 2021)<br>• RSD Operating Agreement, RSD-005279-5332 (January 21, 2021) |

If Plaintiff believes that the Court's order requires additional information from Rock Springs Drive that is not included in the table above or in our discovery responses to date, please specifically identify that information by **August 29, 2022**, so that we can confirm if it has already been produced.

---

[3] The Court did not define what it meant by "principals," nor does Plaintiff's letter or the Maryland Limited Liability Company Act. Mr. Taylor and Mr. Rubin handle the day-to-day operations of Rock Springs Drive.

[4] The Court did not define what it meant by "cursory information," and Plaintiff's letter does not provide any definition of it either. However, we note that in discovery, RSD has produced not only its operating agreement and amendments to it, but also its audited financial statements, budget documents, and agendas for management committee meetings showing who participated in the meetings.

# Kropf Moseley

*Amendment of Interrogatory Responses*

Plaintiff requests that RSD amend its responses to Interrogatories 1-5, 8, and 10. It does not explain why the current responses are inadequate under the Court's order. Given the scope of documents that have been produced, RSD does not believe any further amendment is necessary. We note that the parties held three meet and confer calls on July 7, 2021, July 20, 2021, and July 26, 2021. We have exchanged lengthy letters about discovery as well. In your last letter before the discovery stay, dated July 30, 2021, Plaintiff raised no issues with RSD's discovery responses.

The Court cautioned Plaintiff not to engage in "overreach" in its requests for information under its order and similarly cautioned defendants not to engage in "hard-nosed stonewalling" to such requests. Dkt. 151 at 16. We do not understand what additional information you seek in our interrogatory responses and suggest that the parties schedule a call next week to discuss any remaining dispute.

*Additional Documents to Produce*

RSD has produced all documents responsive to your requests. We have engaged in three meet and confer sessions with you, but Plaintiff did not raise any issues with our production of documents during them. If you believe we have not produced documents responsive to your requests, we should schedule a call this week to discuss the specific requests and understand better what additional documents you believe we should have produced.

*Privilege Log*

We suggest September 21, 2022, to exchange privilege logs.

*Remaining Issues with Discovery from Plaintiff*

We plan to file a motion to compel on the matters that we raised—but were not resolved-during the meet and confer process in the summer of 2021. Plaintiff's letter says that it has "some additional documents that it was preparing to produce to complete its production" but then suggests waiting until September 19 to produce them. We plan to file our motion to compel shortly, because we wish to keep the case moving. Of course, if you produce documents that resolve any of our issues, we can shorten the filing or withdraw it. Those issues have been described in detail in our letters to you and during our meet and confer discussions, most recently on August 4, 2021.

*Third-Party Discovery*

Your firm represents several third parties that have not produced any documents in response to our subpoenas: Wilkes Artis, Rock Springs Properties, Rockledge Associates, Rock Spring Plaza I, Elizabethean Court Associates I, II, III and IV, and Washington Real Estate Partners. We have sent meet and confer letters and held meet and confer calls with you about these subpoenas. Mindful of the Court's admonition that this case has been pending for a while, we plan to file motions to compel against them shortly. Of course, if your clients wish to reconsider your positions and produce documents, we would be happy to discuss it.

# Kropf Moseley

*Discovery Schedule*

Given that Plaintiff apparently still has not completed its production of documents, that Plaintiff apparently plans to issue new written discovery requests, and that Transamerica has not yet had the chance to conduct any discovery, we believe that a six-month discovery schedule would be appropriate. In addition, the motions to compel will need to be resolved by the magistrate before it would be fruitful to engage in depositions of key players. We suggest the following schedule:

| Event | Proposed Schedule |
|---|---|
| Rock Spring Plaza II Rule 26(a) disclosures | September 15, 2022 |
| IWA/Rock Springs Drive/Transamerica Rule 26(a) disclosures | October 15, 2022[5] |
| Rebuttal Rule 26(a) by any party | October 31, 2022 |
| Rule 26(e)(2) supplementation of disclosure/responses | November 30, 2022 |
| Discovery deadline | February 28, 2023 |
| Requests for admission due | March 7, 2023 |
| Motions for Summary Judgment | April 18, 2023 |

We look forward to hearing from you. If you have any questions, please let me know.

Regards,

Sara E. Kropf

Copied to counsel of record (via email)

---

[5] If RSD's motions to compel are granted and RSD does not yet have responsive documents from Plaintiff and third parties with sufficient time before the close of expert discovery, RSD may need to move to extend this date.

4

# EXHIBIT C



Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW | Washington, DC 20036 | tel 202.663.8000 | fax 202.663.8007

William M. Bosch
tel: +1.202.663.9392
william.bosch@pillsburylaw.com

August 30, 2022

<u>Via Email</u>

| | | |
|---|---|---|
| Rebecca A. Davis, Esq. | Sara Kropf, Esq. | Anthony L. Meagher, Esq. |
| Seyfarth Shaw LLP | Kropf Moseley PLLC | DLA Piper LLP |
| 1075 Peachtree Street NE | 1100 H Street NW | The Marbury Building |
| Suite 2500 | Suite 1220 | 6225 Smith Avenue |
| Atlanta, Georgia 30309 | Washington, DC 20005 | Baltimore, Maryland |

Re:    ***Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC,
et al*. Outstanding Discovery and Proposed Schedule**

Dear Counsel:

On behalf of Plaintiff Rock Spring Plaza II, LLC, I write to respond to Defendants
Investors Warranty of America, LLC's ("IWA"), Rock Springs Drive LLC's
("RSD"), and Transamerica's (collectively, "Defendants") letters dated August 23,
2022.

<u>IWA's and RSD's Failure to Comply with the Court's Memorandum Opinion and
Order</u>

Each IWA and RSD letter contends that it has satisfied the Court's Order to provide
basic information regarding RSD, but in doing so each ignores a critical requirement
the Court imposed on Defendants, which is to provide "basic information about RSD
so that Plaintiff may determine whether RSD has the ability to satisfy IWA's ongoing
obligations under the Ground Lease." Memorandum Opinion (Dkt. 151) at 17. *See
also* Order (Dkt. 152) (ordering Defendants to provide basic information to Plaintiff
"in order to obtain adequate assurances that RSD is able fulfill IWA's obligations
under the Ground Lease and related agreements"). The Court held that Defendants
have not provided this information to Plaintiff, Mem. Op. at 17-20, and nothing set
forth in either IWA's letter or RSD's letter changes that assessment.

It is undisputed that RSD is a newly formed single-purpose entity with limited capital
that was formed to assume a substantial ongoing and long-term obligation – in order
to get that obligation off of IWA's books. Meeting IWA's obligations under the

August 30, 2022
Page 2

Ground Lease would require, at the very least, access to substantial debt and/or equity financing or a binding commitment from IWA or another well-capitalized party to guarantee RSD's obligations under the Ground Lease.  No information Defendants have provided even attempts to address the matter of RSD's capitalization and ongoing financial capability.

Plaintiff requests that Defendants provide basic information about RSD so that Plaintiff may determine whether RSD has the ability to satisfy IWA's ongoing obligations under the Ground Lease no later than September 30, 2022.

Supplemental Document Production

RSD represented in its August 23rd letter that it has completed its production of documents and has responded in full to interrogatories that were served on RSD prior to the discovery stay.  IWA has not represented that it has completed its productions. And Transamerica has represented that it will complete its responses (which presumably includes the production of responsive documents) by September 30, 2022.  As noted above, IWA and RSD have not fully responded to their disclosure obligations, and there remain gaps in their respective discovery responses. Accordingly, we ask all parties to agree to a September 30, 2022, deadline to complete their responses to outstanding discovery requests (and disclosure obligations) and to confirm in writing that they have done so.  Furthermore, we agree to the proposed September 21, 2022, deadline for exchanging privilege logs.

Regarding Plaintiff's supplemental document production, RSD contends it will file a motion to compel "shortly" and will not wait until Plaintiff produces additional documents.  IWA asks whether Plaintiff will be supplementing its discovery responses (which I indicated in my August 11th letter Plaintiff would be doing).  RSD and IWA should not burden the Court with additional unnecessary discovery motions. Plaintiff will produce additional documents and serve supplemental responses to RSD's and IWA's interrogatories no later than September 9, 2022.  If, following Plaintiff's supplemental productions, either RSD or IWA contends Plaintiff has not fulfilled its discovery obligations, we would be available to meet and confer with you promptly in good faith.

Non-Party Discovery

With respect to the document subpoenas RSD has served on non-parties Rock Springs Properties and Washington Real Estate Partners (each represented by Pillsbury), each non-party will produce documents on September 9, 2022, subject to their objections. As for the other seven non-parties represented by Pillsbury that RSD served with document subpoenas – Wilkes Artis, Rockledge Associates, Rock Spring Plaza I, Elizabethean Court Associates I, II, III, and IV – each stands on its objections.  That said, we remain available to meet and confer with RSD in good faith if RSD contends that any non-party represented by Pillsbury has not met its discovery obligations.

August 30, 2022
Page 3

<u>Revised Proposed Discovery Schedule</u>

Below please find below a revised proposed discovery schedule, which reflects a compromise between the Parties' proposals and which extends, as closely as possible, the Court's original deadlines.

| Event | Proposed Deadline |
|---|---|
| Plaintiff's Rule 26(a)(2) disclosures | October 15, 2022 |
| Defendants' Rule 26(a)(2) disclosures | November 14, 2022 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures | December 2, 2022 |
| Rule 26(e)(2) supplementation of disclosures/responses | December 9, 2022 |
| Discovery deadline; submission of status report | December 23, 2022 |
| Requests for admission | January 9, 2023 |
| Dispositive pretrial motions deadline | February 3, 2023 |

We look forward to conferring with you further on this proposed schedule and to receiving your comments on or before September 1, 2022, so we may comply with the Court's direction "to agree upon a scheduling order" by September 2, 2022.

Sincerely,

William M. Bosch
Partner

# EXHIBIT D



Seyfarth Shaw LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
T (404) 885-1500
F (404) 892-7056

rdavis@seyfarth.com
T (404) 888-1874

www.seyfarth.com

September 14, 2022

**VIA EMAIL**

William Bosch
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036-3006

> Re:   *Rock Spring Plaza II, LLC v. Investors Warranty of America, LLC*;
> Case No. 8-20-cv-01502-PJM

Dear Bill:

On behalf of Investors Warranty of America ("IWA"), I am responding to your letter dated August 30, 2022.

As I stated in my August 23, 2022 letter, IWA has every intention to satisfy the Court's Order (Dkt. 152) (the "Order") and the Court's Memorandum Opinion and Order (Dkt. 151) (the "Opinion"), and believes it has done so.   However, we recognize that the Court believes that we have not met our obligation.  We also remain cognizant of the Court's statement that "the issue has not come up in the case law or the legal literature in the past" and the Court's realization that further discovery is needed on a number of concerns, and capitalization is of course one of them. Opinion at 16 and 19-20.

The Order concludes that Plaintiff is entitled to:

> **Basic information** from Defendants regarding IWA's assignment of the Ground Lease and related agreements that are the subject of this suit to RSD, specifically information as to the origination, organization, and structure of RSD, as set forth in the Memorandum Opinion, in order to obtain adequate assurances that RSD is able [to] fulfill IWA's obligations under the Ground Lease and related agreements.

Order at 1-2. (Emphasis added.)  The Memorandum provides more specificity as to the meaning of "Basic Information," stating:

> Accordingly, the Court holds that an obligor under a contract—even a contract permitting assignment subject to no specific limitations—is, upon request, entitled to at least some basic information regarding a proposed assignee by the proposed assignor and proposed assignee—**such as the identity of the assignee; if an entity, who the owners and principals of the assignee are; when the assignee, if an entity, was formed and for what purpose, and cursory information about**

86867128v.1

 **Seyfarth**

September 14, 2022
Page 2

**an assignee entity's organization and structure.** To be clear: An obligor is not entitled to whatever information it demands, nor is it necessarily entitled to block an assignment based on the information received, although it may, in good faith, delay assignment until a court, if necessary, is able to judge the impact of the proposed assignment on the obligor.

To repeat: The obligor may only seek basic information about the proposed assignee and must do so and the proposed assignor's and proposed assignee's response to its inquiry must proceed -- in good faith -- and without question, this should occur expeditiously, presumably in a matter of days or a few weeks at most. So, it should be clear that any overreach by the obligor in seeking the relevant information as well as any hard-nosed stonewalling on the part of the proposed assignor or assignee (or their counsel) in response, can and should be subject not only to a court order compelling or denying production of relevant information but also to possible sanctions of the sort contemplated by Federal Rule of Civil Procedure 11.

Opinion at 16. (Emphasis added.)

Immediately after the Order and Opinion were issued, IWA reviewed its pleadings, discovery responses and documents to confirm that it was in compliance with the Order and the Opinion, with the intention to amend any responses that were deficient or otherwise did not comply with the Order and the Opinion.

I thoroughly detailed IWA's compliance with the Court's Order in my August 23, 2022 letter. That correspondence specifically identified the "Basic Information" required by the Opinion and Order and listed the documents by Bates Numbers and dates provided to demonstrate compliance. In that same August 23, 2022 letter, IWA requested if there was additional information that Plaintiff felt should be produced pursuant to the Order, Plaintiff should identify with particularity the information it contended was still outstanding.

Plaintiff responded on August 30, 2022, and seemingly does not contest that IWA has provided and/or produced the information and documents sufficient to provide the "basic information" ordered by the Court. Rather, despite the Court's warning, Plaintiff is now overreaching and seeks to expand the meaning of "basic information" to include that IWA or RSD must produce evidence that RSD "at the very least, [had] access to substantial debt and/or equity financing or a binding commitment from IWA or another well-capitalized party to guarantee RSD's obligations under the Ground Lease."[1] Such request does not comport to either the language or spirit of the Order, and is otherwise inconsistent with Maryland law.

First, the Court did not specifically discuss capitalization, and has also not defined "adequate assurance" in the context of a 99-year ground lease. Accordingly, it is overreaching to rely on the Opinion or Order as a basis to demand evidence of substantial debt and/or equity

---

[1] IWA expressly denies that RSD was a newly formed single-purpose entity with limited capital that was formed to assume a substantial ongoing and long-term obligation in order to get any obligation off of IWA's books. Indeed, such unsubstantiated allegations have been repeatedly refuted by both testimony and documents.



September 14, 2022
Page 3

financing, or in the alternative, a guaranty. Second, the demand is arbitrary and otherwise nonsensical since there is no support for Plaintiff's novel view as to capitalization requirements. Indeed, Plaintiff's contentions as to capitalization requirements are inconsistent with Maryland law and common industry practices, as well as the Ground Lease (the terms of which were originally drafted by Plaintiff and inherited by IWA and RSD through foreclosure). For the avoidance of any doubt, IWA rejects Plaintiff's belated theory that capitalization requires substantial debt and/or equity financing, or in the alternative, a guaranty or that how RSD was capitalized is somehow evidence of fraud.

Turning back to IWA's demonstration of compliance with the Order and Memorandum, as confirmed in the August 23, 2022 letter, the "basic information" that the Court stated that Plaintiff was entitled to receive was already provided to Plaintiff in pleadings, discovery responses, and IWA's productions, consisting of more than 24,000 pages of records that were produced from January 13, 2021 through July 30, 2021. IWA again disputes that Plaintiff has identified any additional category of information or documents that the Court requires be identified by IWA in response to the Order or Memorandum. Rather, the Court has plainly directed the parties to proceed with discovery to address any issue of "adequate consideration," as well as Plaintiff's fraud claim. Nevertheless, such disagreement is largely academic because IWA also has provided information and produced documents that explain how the property at issue is being managed, maintained, operated and funded. As a good faith measure to resolve any outstanding questions as to the scope of information provided by IWA in this litigation, and although IWA believes it has already demonstrated compliance with the Order and has served full discovery responses, IWA is amending its response to Interrogatory No. 15 from Plaintiff's First Set of Interrogatories, as follows:

**INTERROGATORY NO. 15**: Identify the sources of all funds used in connection with the operation, maintenance, and payment of ground rent for the Property, including the identity of the owners of any accounts used to fund the operation, maintenance, and payment of ground rent for the Property.

**ORIGINAL RESPONSE**: IWA objects to Interrogatory 15 on the basis of relevance, and to the extent that it seeks confidential and proprietary business and financial information. Subject to and without waiving the preceding objection, sources of the funding for the operation, maintenance, and payment of ground rent for the Property are considered membership contributions of IWA, as described in that certain Operating Agreement, as amended. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, IWA also refers Landlord to documents produced by IWA containing information responsive to Interrogatory No. 15.

**AMENDED RESPONSE**: IWA objects to Interrogatory No. 15 on the basis of relevance, and to the extent that it seeks confidential and proprietary business and financial information. Subject to and without waiving the preceding objection, IWA responds that in February 2017, IWA and principals from Algon Group ("Algon") began exploring a joint venture together for the purpose of maximizing the value of the Property. Algon is a nationally recognized advisory firm with relevant expertise in workouts, real estate restructuring and investment banking. Under the arrangement, IWA's interest in the Property, which consisted of a leasehold estate (the "Leasehold Estate"), would be conveyed to a newly formed company, RSD. Pursuant to the plan conceived of in early 2017, the Leasehold Estate would be conveyed to a newly formed company, RSD. IWA would



September 14, 2022
Page 4

have a 98% ownership interest in RSD, and Longshore Ventures LLC, would have a 2% interest and be the Managing Member of RSD and Algo Member.

The Operating Agreement and the Management Agreement were both executed on August 31, 2017, and both contracts were negotiated before formation of RSD. The Ground Lease also was assigned to RSD on August 31, 2017, through an Assumption and Assignment of Ground Lease ("Assignment"), pursuant to which RSD accepted the assignment of the Ground Lease, and assumed and agreed to "keep, observe and perform all of the terms, covenants, conditions and provisions of the Ground Lease." RSD now owns the Leasehold Estate, and the property is managed, maintained and operated by RSD. The initial capital contribution made by IWA was $3.9 Million, and additional capital contributions were to be made pursuant to an approved annual budget, in accordance with a cash call procedure implemented by the Algon Member under the Operating Agreement. Since the Assignment, and consistent with the terms of the Operating Agreement, the Algon Member has prepared and submitted budgets, and IWA has made all capital contributions requested. Additional capital contributions through June 2020, when the Complaint was filed, total more than $8.6 Million. However, the intent of the arrangement between the Algon Member and IWA is for a RSD to find a long-term and profitable solution for the Property so that RSD is self-sustaining. Since the Complaint was filed, the total capital contribution, as of the date of this amended response is $13,504,948. All rent due under the Ground Lease has been paid, and Plaintiff has not alleged any breach or defaults under the Ground Lease.

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, IWA also refers Landlord to documents previously produced by IWA containing information responsive to Interrogatory No. 15, including valuation of the Property, maintenance, management and funding. Such documents include, **but are not limited to**, documents bearing the following beginning Bates Nos.: IWA0022826, IWA0002711, IWA0023225, IWA0010226, IWA0010595; IWA0010648; IWA0012491; IWA0021503; IWA0004603; IWA0002822; IWA0004199; IWA0001380; IWA0001382; IWA0014377; IWA0014411; IWA0004199; IWA0001380; IWA0001381; IWA0001382; IWA0014375; IWA0014419; IWA0014420; IWA0014426; IWA0014454; IWA0014819; IWA0014426; IWA0014921; IWA0014954; IWA0014989; IWA0015766; IWA0015877; IWA0015904; IWA0015943; and IWA0017093.

Again, IWA believes that it has complied with the Memorandum and Order and believes that the parties are to continue discovery. IWA is also working on its privilege log, and will in connection with that effort, be in a position to confirm that IWA has not inappropriately withheld information responsive to Plaintiff's requests that should otherwise be produced, including any discoverable financial documents.

 Seyfarth

September 14, 2022
Page 5

Please notify me in the next two days if the information contained in this letter does not fully address Plaintiff's concerns so that IWA can further evaluate reasonable options to resolve this matter for the benefit of Plaintiff and Defendants.

Sincerely,

SEYFARTH SHAW LLP

Rebecca A. Davis

cc    Sara Kropf  (Via Email:  sara@kmlawfirm.com)
      Anthony Meagher (Via Email: anthony.meagher@dlapiper.com)
      Nicole Marie Kozlowski (Via Email: nicole.kozlowski@dlapiper.com)
      Alvin Dunn (Via Email: alvin.dunn@pillsburylaw.com)
      Katherine T. Danial (Via Email: katherine.danial@pillsburylaw.com)
      Nicole Steinberg (Via Email: nicole.steinberg@pillsburylaw.com)
      Edward V. (Teddie) Arnold (Via Email: earnold@seyfarth.com)

86867128v.1