UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 23-1928 (8:20-cv-01502-PJM)

———————————

In re: INVESTORS WARRANTY OF AMERICA, LLC

Petitioner

———————————

**MOTION TO EXTEND SCHEDULE**

———————————

On November 21, 2023, this Court issued an Order (Dkt. No. 15) directing Respondent Rock Spring Plaza II, LLC ("Respondent") to file an answer to the Petition for Writ of Mandamus filed by Investors Warranty of America, LLC ("Petitioner") on September 6, 2023 (the "Petition"). However, Respondent cannot answer the Petition because it has not seen either the Petition or the district court order that gave rise to the Petition (Exhibit B to the Petition), both of which were filed *ex parte* and under seal. Respondent requested months ago that Petitioner serve both documents, but Petitioner has refused (*see* Exhibit A). Respondent also has advised the Clerk of the Fourth Circuit on multiple occasions about this issue by phone and letter but the Order directing "the filing of an answer to the petition … within 10 days of the date of this order" has not been modified (*see* Exhibit B). Accordingly, Respondent respectfully moves that this Court order Petitioner to serve the Petition and Exhibit B to the Petition within 5 days and set a revised deadline for Respondent's answer to 30 days from receipt of the Petition and Exhibit B to the Petition.

In the absence of the Petition or the underlying district court order (Exhibit B to the Petition), Respondent notes simply that "the remedy of mandamus is a drastic one, to be invoked

only in extraordinary situations." *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976).  A party seeking mandamus must show not only a "'clear and indisputable right'" to relief, but also that there is "'no other adequate means to attain [it].'"  *In re Ralston Purina Co.*, 726 F.2d 1002, 1004 (4th Cir. 1984) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)).  The error at issue must constitute a "'judicial usurpation of power,'" rather than an abuse of discretion.  *Id*. (quoting *Allied Chem.*, 449 U.S. at 35).  Otherwise, mandamus "would undermine the settled limitations upon the power of an appellate court to review interlocutory orders." *Allied Chem.*, 449 U.S. at 35 (quoting *Will v. United States*, 389 U.S. 90, 98 n.6 (1967)).

   This standard is generally not satisfied where a petitioner seeks a writ of mandamus "to compel an act involving the exercise of judgment and discretion."  *Cent. S.C. Chapter, Soc'y of Prof'l Journalists, Sigma Delta Chi v. U.S. Dist. Ct.*, 551 F.2d 559, 562 (4th Cir. 1977).  That is because this Court has interpreted the requirement of "clear and indisputable" error to refer to situations "where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined."  *Id*.   While writs of mandamus to review discretionary decisions of district judges are not prohibited, they should "hardly ever" issue.  *Allied Chem.* 449 U.S. at 36. The writ should not be issued "unless the right of the party seeking mandamus is clear and indisputable, and that clear and indisputable requires considerably more strained circumstances than does a mere abuse of discretion." *In re Ralston* 726 F.2d at 1005.  As such, the "extraordinary" remedy of mandamus relief is generally not appropriate to challenge a pre-trial discovery order.  *See, e.g., In re Underwriters at Lloyd's*, 666 F.2d 55, 58 (4th Cir. 1981) ("The rule is firmly and universally established that mandamus cannot be used to challenge ordinary discovery orders."). Moreover, the Supreme Court has made it abundantly clear that "collateral order appeals are not necessary to ensure effective review of orders adverse to the attorney-client privilege" because a

2

post-judgment appeal is an adequate means of relief. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009).

It is Respondent's position that Petitioner has no ability to satisfy the standard articulated above, based on the limited facts currently known to Respondent. However, the lack of access to the Petition and underlying documents severely prejudices Respondent's ability to answer the Petition. Moreover, Respondent notes that Petitioner's invocation of this Court's review has also effectively stayed the underlying case, further prejudicing Respondent by preventing it from making any progress towards a resolution to the suit it filed over three years ago.

Therefore, Respondent respectfully requests that the Court order the Petitioner to serve the Petition and the underlying district court order (Exhibit B to the Petition) to Respondent within 5 days and set a revised deadline for Respondent's answer to 30 days from Respondent's receipt of the Petition and district court order or, in the alternative, deny the Petition outright.

Dated: November 30, 2023                    Respectfully submitted,

*William M. Bosch*
William Bosch
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone: 202-663-8000
Facsimile: 202-663-8007
william.bosch@pillsburylaw.com

*Attorney for Respondent Rock Springs Plaza II, LLC*