UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-1928 (8:20-cv-01502-PJM)
_____

In re: INVESTORS WARRANTY OF AMERICA, LLC,

Petitioner.

_____

**RESPONSE TO MOTION TO EXTEND SCHEDULE**
_____

On August 17, 2023, the district court ordered the production of three of Petitioner Investors Warranty of America, LLC's ("Petitioner") privileged documents (the "Order") (Pet. Ex. A). The Order was issued to all parties, including Respondent. *See* Pet. Ex. A. at 1. The district court separately filed a memorandum opinion ("Opinion") *ex parte* and under seal, and the Court further stated that the "Opinion SHALL remain SEALED and be made available only to Defendants and their counsel pending further order of the Court." Pet. Ex. A at 2.

Although the district court gave Petitioner ten (10) days to weigh its options and file its Petition in the wake of an order threatening incarceration of Petitioner and its counsel unless it disclosed privileged communications to its adversary, Respondent has filed its Motion to Extend Schedule (the "Motion") seeking thirty

1

(30) days to craft its response after it is served with the Petition and underlying Opinion.[1] Of course, the Opinion has yet to be served on Respondent because the district court has forbidden it—mandating that the Opinion remain under seal and denying Petitioner's request to serve Respondent with a version of the Opinion redacting references and excerpts of Petitioner's privileged communications.[2] The Motion should be denied because it is untimely, fails to comply with the Court's local rule requiring notice and conferral, and because there is no sound reason to afford Respondent an additional thirty days to brief an issue it has briefed no less than three times previously, particularly when compared to the time pressure Petitioner faced when preparing the Petition.

First, as reflected in multiple filings with this Court,[3] and confirmed by the same September 7, 2023, emails that Respondent relies on in its Motion, Petitioner sought approval from the district court to file a redacted version of the Opinion with

---

[1] Petitioner obtained a 10-day extension, and filed the Petition less than 20 days after the Order was issued. Here, Respondent seeks a 30-day extension to file a response to the Petition it could have requested 90 days ago.

[2] Respondent has asked the Court to order Petitioner to serve the Opinion on Respondent. The Opinion includes details of the privileged information that Petitioner contends the district court has improperly ordered to be produced. Petitioner prepared a redacted order in September 2023, which can be produced in compliance with FRAP Rule 21(a)(2)(C).

[3] The Certificates of Confidentiality for the Petition of Writ of Mandamus and Exhibit B to the Petition each state that the documents were filed *ex parte* based on District Court Docket Numbers 339 and 341. Notably, the district court received a copy of the Petition and all exhibits.

2

its Petition. Petitioner's approach would have simultaneously provided Respondent with the substance of the district court's reasoning while also protecting Petitioner's privileged documents. *See* Mot. Ex. A. The district court denied Petitioner's request to file a redacted version of the Opinion. Accordingly, Petitioner sought guidance from this Court as to how to file the Petition since it cites an Opinion that Petitioner was ordered to maintain under seal. Petitioner followed the Court's instructions. *Id*.

As clearly shown in the parties' communications, Petitioner never objected to providing the Petition to Respondent, but given the district court's instructions, Petitioner needed this Court to allow it to do so or else be in violation of a court order. When it filed the Petition, Petitioner alerted this Court to these same facts and concerns, and Petitioner noted that it anticipated that the Petition would be served. Petitioner further advised this Court, as it did Respondent and the district court, that it had prepared a redacted version of the Opinion, which Petitioner believes properly removes all privileged information.

On November 21, 2023, the Court ordered Respondent to file a response to the Petition by December 1, 2023. Now, on the eve of its Court-ordered deadline, Respondent asserts it cannot respond without the Petition. Respondent does not explain why it failed to file a motion three months ago seeking the Petition, especially after Petitioner advised that it would immediately serve the Petition and redacted Opinion after it was permitted to so by the Court. Stated another way,

3

Respondent could have filed a letter or motion on September 7, 2023, seeking the exact same relief that it asked for in its letter filed on November 22, 2023, and the same relief that it now seeks in its Motion. Respondent sat on its hands for nearly three months and elected not to obtain the Petition, even though there was a clear and unobstructed path to get it.

Second, in addition to not explaining its delay in seeking the Petition from the Court, Respondent also does not explain why it needs 30 days to prepare a response. Indeed, it would be fundamentally unfair to grant such an extension when Petitioner was given significantly less time following the district court's order to first evaluate its options for appeal and then prepare its own briefing. And again, had Respondent requested the Petition in September, knowing that Petitioner was only waiting on a Court clearing the way to serve the documents, Respondent would have had up to 90 days to prepare its response. Respondent should not be rewarded for its own dilatory conduct.

Moreover, 30 days to file a response as to this particular issue is simply not necessary or reasonable, especially given that Respondent has already briefed its crime-fraud exception argument four previous times in the district court.[4] Indeed,

---

[4] Respondent has previously filed: Plaintiff's Motion to Compel Against Defendant and Request for In Camera Review (Dkt. 238-1); Plaintiff's Reply in Support of its Motion to Compel Against Defendant and Request for In Camera Review (Dkt. 238-3); Plaintiff's Opposition to Defendant's Motion for Protective Order (Dkt. 252);

4

the only new issue for Respondent to brief is that the Petition seeks the remedy of mandamus. Respondent fully responds to this singular new issue in its Motion, and presents its arguments as to why mandamus should be denied, thus demonstrating that service of the Petition is not even necessary to address that singular new issue.[5]

Third, although the Motion should be denied on the merits, the Motion is also improper because it does not comply with Local Rule 27(a), which states that "[i]n cases where all parties are represented by counsel, all motions shall contain a statement by counsel that counsel for the other parties to the appeal have been informed of the intended filing of the motion." Respondent neither informed Petitioner of its intent to file its Motion, nor sought Petitioner's consent as required by Local Rule 27(a).

Accordingly, Petitioner respectfully requests that the Court deny the relief requested in Respondent's Motion for Extension, treat Respondent's Motion and mandamus argument as its response, and grant Petitioner's Petition for Mandamus. In the alternative, Petitioner respectfully requests that that the Court, after ordering

---

and Plaintiff's Response to Defendant's Brief Seeking Reconsideration of the Applicability of the Crime-Fraud Exception (Dkt. 310).

[5] Respondent's statement that the Petition has effectively stayed the case is not accurate. Discovery has closed, and the district court has suggested that it will only reopen discovery if this Court denies the Petition so that Respondent may take discovery on the privileged documents.

5

service of the Petition and a redacted version of the Opinion, allow Respondent 10 days to file a response.

Dated:  December 1, 2023	Respectfully submitted,

*/s/Rebecca A. Davis*
Rebecca A. Davis
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
(404) 873-8768
rebecca.davis@agg.com
*Counsel for Investors Warranty of America, LLC*

6

## **CERTIFICATE OF SERVICE**

I certify that on this 1st day of December, 2023, a copy of the foregoing Response to Motion to Extend Schedule was served electronically on the counsel below.

/s/*Rebecca A. Davis*
Rebecca A. Davis