**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

———————————

No. 23-1928 (8:20-cv-01502-PJM)

———————————

In re: INVESTORS WARRANTY OF AMERICA, LLC

    Petitioner

———————————

**RESPONDENT ROCK SPRING PLAZA II, LLC'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND SCHEDULE**

———————————

On September 6, 2023, Petitioner Investors Warranty of America ("Petitioner") filed its Petition for Writ of Mandamus (the "Petition") and the district court order that gave rise to the Petition (Exhibit B to the Petition) *ex parte* and under seal. That same evening, counsel for Respondent Rock Spring Plaza II, LLC ("Respondent") requested from Petitioner's counsel service of both documents, but Petitioner's counsel refused. *See* Motion, Ex. A. Petitioner did not file a motion to seal and did not file a redacted version of its Petition with this Court, as required by the Local Rules of the Fourth Circuit. *See* L.R. 25(c)(2)(B), (2)(C), and (3)(B).

On September 7, 2023, Respondent sought guidance from the Fourth Circuit's Office of the Clerk of Court regarding the appropriate procedure and was advised that the Petition would be reviewed by a panel of judges and that the Court would either deny the Petition without an answer or order Respondent to submit an answer. The Office of the Clerk of Court further stated that it was not necessary for Respondent to advise the Court that Respondent did not have a copy of the Petition because it was clearly marked "EX PARTE."

On November 1, 2023, Respondent called the Office of the Clerk of Court again regarding the Petition and was advised that the Court would likely issue an order soon.

On November 21, 2023, this Court issued an Order (Dkt. No. 15) directing Respondent to file an answer to the Petition for Writ of Mandamus. Respondent the next day filed a Letter (the "November 22 Letter") (Dkt. No. 16) informing both the Court and Petitioner of Respondent's inability to comply with the November 21, 2023, Order because it lacked access to the Petition. Petitioner did not respond to the November 22 Letter in any way. Petitioner did not serve on Respondent a copy of the Petition or the underlying Order, nor did Petitioner contact Respondent or the Court to suggest an alternative approach.

The Office of the Clerk of Court contacted counsel for Respondent on the afternoon of November 22, 2023, to confirm receipt of the November 22 Letter and to advise that nothing further is required as that Letter adequately laid out the circumstances explaining why Respondent could not timely answer a Petition it has never seen. On November 30, 2023, because the deadline to answer was the next day and Respondent still did not have the Petition, Respondent filed its Motion to Extend Schedule, once more seeking access to the Petition and underlying documents. *See* Dkt. No. 19. Again, Petitioner refused to provide the Petition and instead asserted in opposition that Respondent "has already briefed its crime-fraud exception argument four previous times" and "service of the Petition is not even necessary" to address the issue before the Court. *See* Response at 4-5 (Dkt. No. 20).

Petitioner is asking Respondent to tilt at windmills, which is prejudicial and violates basic precepts of due process. Respondent has never seen the Petition, or the underlying memorandum opinion issued by the district court pertaining to the crime-fraud exception. Nor does Respondent know the basis for Petitioner's *ex parte* Petition to this Court or for its refusal to

comply with L.R. 25(c)(3)(B).  Respondent also was not privy to the *ex parte* hearing the District Court held with Petitioner prior to issuing its memorandum opinion.

Even if Respondent could reasonably surmise Petitioner's arguments on the crime-fraud exception, Petitioner failed to include any of Respondent's crime-fraud briefing in the record, undermining its own argument and violating the Federal Rules of Appellate Procedure.  *See* FRAP 21(a)(1), (a)(2)(C) (Petitioner must serve the petition "on all parties to the proceeding in the trial court," and "the petition must include a copy of any order or opinion or parts of the record that may be essential to understand the matters set forth in the petition.").  Petitioner instead included several items in the record that are unrelated to the crime-fraud issue, which raises additional questions regarding exactly what Petitioner has argued to this Court.  Furthermore, without the Petition, Respondent cannot reasonably "answer" whatever grounds Petitioner asserts satisfy its burden for securing extraordinary relief by way of a writ of mandamus.

Respondent assumes that the Petition seeks extraordinary interlocutory relief to resolve what in essence is a discovery issue involving privilege.  The District Court in its discretion already found good cause to order Petitioner to produce the three documents at issue following extensive briefing, an evidentiary hearing, post-hearing *ex parte* briefing and interim communications between Petitioner and the District Court, and then an additional round of briefing and another *ex parte* hearing.  In its briefing to the District Court, Petitioner argued incongruously that the three documents do not bear on Respondent's fraudulent conveyance claim and yet would be extremely prejudicial to Petitioner if disclosed.  Respondent does not know what those documents address, but the extreme measures taken by Petitioner to prevent

Respondent from even seeing its Petition, much less the District Court's underlying memorandum order, begs the question what Respondent is representing to this Court.

Petitioner's continued refusal to provide the Petition to Respondent is inconsistent with the District Court's guidance, the Federal Rules of Appellate Procedure, and the Local Rules of the Fourth Circuit.  Therefore, Respondent respectfully requests that the Court order Petitioner to serve on Respondent the Petition and the underlying memorandum order (Exhibit B to the Petition) within 5 days.  In light of the upcoming holidays and the fact that Respondent has never seen the Petition, Respondent also respectfully requests that the Court set a revised deadline for Respondent's answer to 30 days from Respondent's receipt of the Petition and order or, in the alternative, that the Court deny the Petition without an answer.

| | |
|---|---|
| Dated:  December 6, 2023 | Respectfully submitted, |

*William M. Bosch*
William Bosch
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone:  202-663-8000
Facsimile:  202-663-8007
william.bosch@pillsburylaw.com

*Attorney for Respondent Rock Springs Plaza II, LLC*